·[No. 7,259.—Department Two.]

## L. W. ELLIOTT, Administrator, etc., *v.* E. P. FIGG.

Pre-emption of Land by the Heirs of a Deceased Pre-emptor—Construction of Statute.—Under section 2269 of the Revised Statutes of the United States, the right to pre-empt upon the death of a pre-emptor, survives only for the benefit of his heirs.

Id.—Id.—Sufficiency of Complaint—Demurrer—Pleading.—In an action by an administrator to establish a trust in land, and to compel a conveyance, the complaint in effect alleged that plaintiff's intestate under the pre-emption laws, became entitled in his life-time to enter the land in controversy, but it was not alleged that the intestate left any heirs.

Appeal from a judgment for the defendant in the Superior Court of San Joaquin County. Buckley, J.

*Byers* and *Elliott,* for Appellant.

*J. B. Hall,* for Respondent.

Sharpstein, J.:

This action is brought to obtain a decree that the defendant holds the land described in the complaint in trust for the estate of one Hensley, deceased, of which the plaintiff is administrator, and that the defendant execute a conveyance thereof to the plaintiff as such administrator.

The complaint was demurred to on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and judgment entered for the defendant. From that judgment the plaintiff appealed.

The most favorable construction for the plaintiff which we are able to place upon the allegations of the complaint·is that

his intestate Hensley, by reason of his compliance with the pre-emption laws of the United States, became entitled to enter the land in controversy, and that he was prevented from doing so by the defendant and one-Ayres, from whom the defendant claims to have purchased said premises.

Ayres initiated a pre-emption claim to the premises by filing a declaratory statement before Hensley filed his. But it is alleged that Ayres had abandoned his claim before Hensley initiated his. Still Ayres was permitted to enter the land under his pre-emption claim, and transferred the title which he thus acquired to the defendant, who subsequently obtained a patent from the United States, based upon said entry and transfer by Ayres. Hensley had no notice of the application of Ayres to purchase under his pre-emption claim, and therefore did not contest his right so to do. But after Ayres had purchased and received a certificate thereof, Hensley initiated proceedings to have said certificate canceled, which culminated in a decision by the Secretary of the Interior that the defendant was entitled to a patent, which was accordingly issued to him.

The plaintiff alleges that the defendant procured that decision through false testimony, by which the Secretary was imposed upon and induced to believe that the defendant was a *bona fide* purchaser from Ayres for a valuable consideration, and without notice of any flaw in Ayres' claim to the land, and that Hensley was taken by surprise by said testimony, and was not at that time prepared to prove it false, "and did not learn of any witnesses who could disprove the said testimony of defendant until a long time thereafter, and until the latter part of the year 1877." The testimony referred to appears to have been taken in the early part of the year 1875.

It is alleged in the complaint that Hensley is dead, and that the plaintiff was appointed administrator of Hensley's estate on the 27th day of January, 1880.

It is not alleged that Hensley left any heirs, or that there are any in existence.

Conceding that Hensley, if living, might maintain this action, can his administrator maintain it without alleging the existence of an heir of the deceased? We think not. The

Act of Congress provides that "where a party entitled to claim the benefits of the pre-emption laws dies before consummating his claim, by filing in due time all the papers essential to the establishment of the same, it shall be competent for the executor or administrator of the estate of such party or one of his heirs, to file the necessary papers to complete the same; but the entry in such cases shall be made in favor of the heirs of the deceased pre-emptor, and a patent thereon shall cause the title to inure to such heirs, as if their names had been specially mentioned." (Rev. Stat. U. S., § 2269.) Were it not for this provision the pre-emption claim would not survive the pre-emptor. By this provision it survives only for the benefit of his heirs.

The right of the administrator to proceed and perfect the right of his intestate depends upon the existence of some person in being for whose benefit such right may be perfected. As it does not appear that there is any such person in being, it follows that this action can not be maintained upon the allegations of the complaint, and that, therefore, it fails to state facts sufficient to constitute a cause of action.

Judgment affirmed.

MORRISON, C. J., and MYRICK, J., concurred.