[No. 19566.   In Bank.—January 30, 1896.]

CHARLES EDWARD COOPER, AN INFANT, BY HIS GUARDIAN AD LITEM, APPELLANT, v. H. G. WILDER, RESPONDENT.

|111 191|
|f128 153|

PUBLIC LANDS—TIMBER CLAIM—DEATH OF CLAIMANT—NONDEVISABLE INTEREST—TITLE OF HEIRS UNDER PATENT—INEFFECTIVE DISTRIBUTION OF ESTATE.—The owner of a timber culture claim upon the public lands of the United States has no devisable interest; and upon his death, before fulfillment of all the conditions required to obtain a patent, his heirs are permitted to fulfill the remaining conditions, and to obtain a patent, which they take not by inheritance, but in equal shares, as grantees from the government, regardless of the proportion in which they could have taken under the law of succession of the state; and such title is not affected by a distribution of the estate of the deceased claimant in accordance with his will to the exclusion of one of the heirs.

APPEAL from a judgment of the Superior Court of the County of San Diego and from an order denying a new trial.   W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*W. H. C. Ecker*, and *Haynes & Ward*, for Appellant.

Plaintiff was the owner of one-half of the premises under the United States patent; and the probate proceedings were not admissible evidence against him. The patent is a record which conclusively proves the facts which preceded its issue. (*In re Lamb*, 95 Cal. 404; *Harris* v. *Harris*, 71 Cal. 314.) The heirs took as patentees, not by inheritance, but by purchase. (*Hershberger* v. *Blewett*, 55 Fed. Rep. 175; *Rozell* v. *Denver etc. Co.*, 26 Kan. 552; *Elliott* v. *Figg*, 59 Cal. 117; *Thrift* v. *Delaney*, 69 Cal. 188, 192; *Frisbie* v. *Whitney*, 9 Wall. 195; *Hall* v. *Russell*, 101 U. S. 503, 513; *Chant* v. *Reynolds*, 49 Cal. 213.)

*James E. Wadham*, and *Frederick W. Stearns*, for Respondent.

Under the homestead and timber culture acts the entry operates as an appropriation, and gives an immediate interest in the land, and the patent when obtained relates to the date of entry. (*Red River etc. R. R. Co.* v. *Sture*, 32 Minn. 95; *Railroad Co.* v. *Johnson*, 16 Pac. Rep. 129; *United States* v. *Turner*, 54 Fed. Rep. 228; *Opinion of Attorney General McVeigh*, 1 Copp's Pub. Land Laws 1882, 388; *United States* v. *Ball*, 31 Fed. Rep. 667; *Carner* v. *Chicago etc. Ry. Co.*, 43 Minn. 375.) An equitable interest in land may be devised. (*Watson* v. *Sutro*, 86 Cal. 500; *Grover* v. *Hawley*, 5 Cal. 486; *Eversdon* v. *Mayhew*, 65 Cal. 163; *Case of Dodge*, 1 Copp's Pub. Land Laws, 160; *Dorame* v. *Towers*, 1 Copp's Pub. Land Laws, 438; *Coleman* v. *M'Cormick*, 37 Minn. 179.) A patent inures to the benefit of the party having the title, though issued to another. (*Urket* v. *Coryell*, 5 Watts & S. 60.)

TEMPLE, J.—Action to quiet title to forty acres of land in San Diego county. The land was entered as a timber-culture claim in November, 1879, by David

Cooper, plaintiff's father. David Cooper died testate in July, 1881, leaving his widow sole beneficiary of his will and expressly excluding plaintiff from any share of his estate. The property was duly distributed to the widow. In 1892 a patent was issued by the United States conveying the land in terms to the heirs of David Cooper, deceased. In 1891, before the issuance of the patent, the widow, who was the sole devisee of David Cooper and the sole distributee of the estate, mortgaged the land to the defendant, who subsequently foreclosed and purchased the property at the foreclosure sale, and in due time received a deed therefor. Defendant at the trial proved his deraignment of title from the widow of David Cooper, deceased.

The question is, In whom did the title vest? Appellant claims it as heir. The defendant that it passed by the will and the decree of distribution to the widow of David Cooper. Or, if it did not vest under the will and decree, then the widow and son of David Cooper took equally.

The applicant for the government bounty is required to subscribe an oath to the effect that he makes the filing for the purpose of cultivating timber for his own exclusive benefit, and not for the purpose of speculation, and that he intends to hold and cultivate the land. He is required to break or plow five acres the first year, five acres the second year, and to cultivate the five acres broken or plowed the first year; the third year to cultivate the five acres plowed the second year, and to plant in timber, seeds, or cuttings the five acres first plowed, and to cultivate the remaining five acres; and the fourth year to plant in timber, seeds, or cuttings the remaining five acres.

To get his certificate he must prove, or if he is dead his heirs or legal representatives must prove, that he or they have planted, and for not less than eight years cultivated, that quantity and character of trees, and that there are then growing at least six hundred and seventy-five thrifty trees per acre.

A failure at any time to perform the conditions works a forfeiture. The property could not be taken in satisfaction of any debt contracted prior to the issuance of the final certificate, which could not be had until full proof of performance, as above stated, was made.

Obviously the privilege or right acquired by the entry and filing is personal, and cannot be transferred except as authorized in the act. The death of the applicant before performance renders him incapable of performance, and that event would end the claim but for the provisions of the act, which authorize the heirs to prove that he or they has or have performed. . Does the heir in such case take by inheritance from the applicant, or is he by appointment in the act itself a substituted beneficiary of the government to whom the title goes by direct grant?

It is admitted, at once, that the condition of the applicant prior to full performance is in no wise analogous to that of a pre-emptor either before or after the pre-emptor has received his certificate of purchase. The applicant has a right to the land of which the government cannot deprive him, but which will be lost if he fails to perform. And death, before performance, renders such failure certain, and ends the estate of the applicant. In view, however, of the hardship of such a result the law continues its offer to certain persons whom it is presumed the applicant himself might have selected. But they take not by inheritance from the deceased, but as grantees from the government.

No case is cited under the timber culture act, but cases have arisen under other acts of Congress which are in all essential respects similar to the act in question. The Oregon donation act (9 U. S. Stats. 496) granted to qualified settlers on public land, who had occupied and cultivated the same for four years, and performed certain acts in regard to making application for the land, proving up, etc., three hundred and twenty acres of land. The opening words of that act were, "That there shall be, and hereby is granted," and it

was provided, in case of death before the expiration of four years' possession required, "all the rights of the deceased under this act shall descend to the heirs at law of such settler."

In 1852 one Loring, who had all the qualifications necessary to enable him to take and hold under the act, entered upon three hundred and twenty acres of land in Oregon, with the intent to acquire the title under the act. He died within one year after his entry upon the land, having by his will devised all his estate. Whether the land or his right was devisable arose in *Hall* v. *Russell*, 101 U. S. 503. Chief Justice Waite, speaking for the court, said the question was whether "the heirs took by descent from the settler or as donees of the United States. If by descent it is conceded the settler had a devisable estate. If as donees he had not."

It was held that by entering under the act the settler acquired at once a present right to occupy and maintain possession so as to acquire a complete title to the soil, but got no title until he had completed his four years' continued residence and cultivation. His rights were, however, statutory, and must be ascertained by the language of the act. It is said: "The object of Congress undoubtedly was to allow a settler's heirs to succeed to his possessions, and thus keep his rights alive. But for some such provision all the rights of the settler would have been lost by his death. As the law required full four years' residence by the person who claimed the grant, if no provision had been made for a continuance of his possession the land would have become vacant on his death and open for a new settlement by a new settler, if the law authorizing new settlements still remained in force. Hence it was provided that the possessory rights of a deceased settler should go to his heirs, and that they might get the land on making requisite proof without further residence and cultivation of their own. Their title to the land was to come, not from their deceased ancestors, but from the United States."

Every word of this is as applicable to the timber culture act as to the Oregon donation act, so far as concerns the question under consideration.

Here, as there, a series of acts were to be performed running through a number of years before the applicant was entitled to a patent, and a failure at any point during that time defeated the claim and left the land open to another. In each case the death of the applicant rendered performance impossible, and the right would have entirely lapsed but for a provision giving the heirs of the applicant the privilege of procuring the title which would have gone to the deceased.

*Hall* v. *Russell, supra,* has been followed many times. The cases are reviewed in *Hershberger* v. *Blewett,* 55 Fed. Rep. 170.

Respondent contends that the position of a claimant under the timber culture act is like that of a homestead claimant before full performance, and he thinks in such case a homestead claimant has a devisable interest. This is, I think, a mistake. The homestead act is, if possible, less doubtful than any of the others; for it is expressly provided that the right to complete performance and receive the patent shall go to the widow if there be one; if there be none, to the devisee of the deceased, or to his heirs. Obviously, the right is not devisable in any just sense. If there be a widow the right goes to her, if none the settler may appoint the grantee. It was so held by the secretary of the interior in *Dorame* v. *Towers,* 1 Copp's Pub. Land Laws, 438, which is cited by respondent as an authority to the contrary. Towers was in possession of the land before he made his entry, but died within two weeks after the entry. Contest was inaugurated six months afterward by Dorame, who sought to establish an abandonment, as the heirs did not reside on the land. The secretary said: "The death of the party casts whatever of title or estate the statute has created directly by operation of law upon 1. The widow; 2. The heirs or devisees; and, the substitution being effected, the requirement of proof

of residence or cultivation attaches to the person or persons succeeding to the right, title, or estate." He further says that by the laws of California the executor was entitled to possession during administration, and that the right of the heirs to possession is subject to this administration, and therefore, " The time allowed by the court for the settlement of the estate must either be counted for the heir or devisee, in making final proof, or excluded in his favor from the period required by the statute, and further time allowed him on the ground that the land being in the custody of the law the time does not run against the party who is required to perform the acts of residence or occupation upon it." We must hold, therefore, that the land was not devisable, and is not affected by the decree of distribution in the estate of David Cooper, deceased.

The grant is to the heirs of David Cooper, but they do not take by inheritance. The heirs will therefore take equally, regardless of the proportions in which they would have taken under the law of succession of the state. The United States has no general law of succession; the heirs must, therefore, be found by the law of the state or territory in which the land is situated. By the law of this state the widow is an heir of the husband. The plaintiff and the widow would therefore take equally. It would follow that the one-half interest which vested in the widow was subject to defendant's mortgage. A new trial will be necessary because the findings would not support the judgment as it would be modified by this opinion, and they are against law.

The judgment is reversed and a new trial ordered.

HARRISON, J., GAROUTTE, J., VAN FLEET, J., McFARLAND, J., HENSHAW, J., and BEATTY, C. J., concurred.