[Sac. No. 563.   Department One.—March 21, 1900.]

# RUDOLPH WITTENBROCK, Respondent, v. ALMA M. WHEADON, Appellant.

PRE-EMPTION — RIGHTS OF PRE-EMPTOR — DEATH WITHOUT PAYMENT — STATUTORY SAVING TO HEIRS.—A pre-emptor, prior to the payment of the purchase money, does not acquire any vested estate in the land merely by virtue of his declaratory statement; and his rights therein would lapse with his death, and the land be open to pre-emption by another, if it were not made to inure to his heirs by a patent to be granted for their benefit under section 2269 of the Revised Statutes of the United States.

ID.—ESTATE OF DECEASED PRE-EMPTOR—UNPAID FOR LAND NOT INCLUDED— TITLE OF HEIRS NOT AFFECTED BY ADMINISTRATION OR DISTRIBUTION.— The pre-empted land not paid for by the pre-emptor is no part of his estate after his decease. It is not the subject of devise by him, and cannot be administered upon, or sold in satisfaction of his debts, or for the expenses of administration, and the title of the heirs thereto under a patent from the United States, cannot be affected by the administration or decree of distribution of his estate.

ID.—DECLARATION OF HOMESTEAD BY PRE-EMPTOR — EFFECT OF PATENT TO HEIRS—NEW SOURCE OF TITLE.—The title of the heirs under the patent from the United States, cannot be affected by a declaration of homestead filed by the pre-emptor under the law of the state. The title conveyed to the heirs by the patent is not the perfecting of an inchoate title of the pre-emptor; but the patent is a new and independent source of title in the heir never affected by the declaration of homestead.

ID.—TITLE OF HEIRS NOT BY DESCENT—PRIVILEGE OF PURCHASE—PORTION OF HEIRS, HOW DETERMINED. — The heirs do not take title by descent under section 2269 of the Revised Statutes of the United States; but the land is patented to them directly by virtue of the privilege of completing the purchase given to them by the statute; and the portion taken by each heir is not determined by the law of inheritance, but by the terms of the patent.

ID.—PATENT TO HEIRS—REFERENCE TO STATE LAWS—EQUAL MOIETIES.— Under a patent to the heirs of a deceased pre-emptor, reference is had to the laws of the state merely to determine who are the heirs of the deceased entitled to take under the terms of the patent. A patent to the heirs, consisting of his widow and three children, vests title in them in equal moieties, without regard to their respective rights of inheritance under the laws of the state.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial.   Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

Driver & Sims, for Appellant.

Judson C. Brusie, and Edward J. Dwyer, for Respondent.

HARRISON, J.—Ejectment.   May 4, 1866, Theodore Wheadon resided with his family upon the land described in the complaint, and filed a declaratory statement with the land department of the United States for its pre-emption.   January 26, 1869, he filed with the county recorder a declaration of homestead upon the land, which in form complied with the laws of this state.   March 14, 1871, he died, leaving as his heirs at law his widow and three children, without having received a patent for the land, and without having made any payment therefor other than the fees for filing his declaratory statement. March 30, 1871, his widow was appointed administratrix of his estate, and on April 3d filed an inventory thereof, including these premises, which were appraised at seven hundred and fifty dollars, but making no mention of any claim of homestead thereon.   November 5, 1886, the superior court made a decree of distribution of his estate, by which one-half thereof was allotted to the widow and one-sixth to each of his children, of whom the defendant and appellant is one.

After his death his widow applied for the issuance of a patent on said pre-emption claim, under the provisions of section 2269 of the Revised Statutes of the United States, and made payment for the land, and did whatever else was required under the statute, or by the officers of the government, and on April 1, 1874, a patent was issued by the United States to the "heirs of Theodore Wheadon, deceased."   March 20, 1896, Isabell Wheadon, the widow, and George T. Wheadon, one of the children of Theodore, made a conveyance of the premises by deed of bargain and sale to plaintiff.   The plaintiff thereupon brought this action to recover the possession of the land from the defendant.   Judgment was rendered in his favor, and, a new trial having been denied, the defendant has appealed from this order.

By filing his declaratory statement Theodore Wheadon acquired the privilege of making payment for the land and receiving a patent therefor from the United States in preference to any other applicant, but no estate in the land was acquired or right thereto vested in him, unless and until the amount of the purchase money was paid. (*Hutton v. Frisbie*, 37 Cal. 475; *Frisbie v. Whitney*, 9 Wall. 187; *Buxton v. Traver*, 67 Cal. 171; affirmed, 130 U. S. 232.)   In the absence of any statute upon the subject, the privilege thus given by the government would lapse with his death (*Elliott v. Figg*, 59 Cal. 117), and the land be open to entry by anyone.   Section 2269 of the Revised Statutes of the United States, however, makes the following provision for this contingency: "Where a party entitled to claim the benefits of the pre-emption laws dies before consummating his claim by filing in due time all the papers essential to the establishment of the same, it shall be competent for the executor or administrator of the estate of such party, or one of the heirs, to file the necessary papers to complete the same; but the entry in such cases shall be made in favor of the heirs of the deceased pre-emptor, and a patent thereon shall cause the title to inure to such heirs as if their names had been specially mentioned." The title thus given by the patent is not to the estate of the decedent, but by the terms of the section the patent shall "cause the title to inure to such heirs." The heirs do not take the title by descent from their ancestor, but the land is conveyed to them directly from the United States by virtue of the privilege of purchase given to them expressly by the provisions of this section. (*Dawson v. Mayall*, 45 Minn. 408; *Caldwell v. Miller*, 44 Kan. 12; affirmed, *Hutchinson Inv. Co. v. Caldwell*, 152 U. S. 65.) The land is not subject to devise by the pre-emptor, nor can it be sold in satisfaction of his debts or for the expenses of administration.   (*Rogers v. Clemmans*, 26 Kan. 522.)

As the land was no part of the estate of Theodore Wheadon, it was not subject to the probate jurisdiction of the superior court, and is not affected by the decree of distribution of his estate subsequently made by that court.   Neither is the title which inures to the heirs by the patent affected by the declaration of homestead filed by him.   At the time it was filed and recorded he had no estate, legal or equitable, in the land, but

merely a privilege which terminated at his death. The title conveyed to the heirs by the patent is not the perfecting of a title which was inchoate in him at the time of his death, but the patent is a new and independent source of title which was never affected by his declaration of homestead. The right of the widow to apply for the patent was given to her, not as a survivor of the community, but as an heir of the deceased, and the application, whether made by her alone or by all of the heirs, was required to be made in favor of all of the heirs of the deceased, and by the terms of the section the patent inured to such heirs "as if their names had been specially mentioned." In *Elliott v. Figg, supra,* it was held the administrator was not entitled to complete an entry which had been initiated by his intestate in the absence of a showing that his intestate had left any heirs. In *Rogers v. Clemmans, supra,* the administrator paid for the land out of the estate of the decedent and received a patent to the "heirs" of the deceased, without mentioning their names, and afterward, under an order of the court, sold the land in payment of the debts of the estate and costs of administration. It was held that the purchaser acquired no title against that of the heirs.

For the purpose of determining who are the heirs of the deceased resort is to be had to the laws of the state under which the descent is cast. (*Caldwell v. Miller, supra.*) "The heirs of a person are those whom the law appoints to succeed to his estate in case he dies without disposing of it by will." (*Hochstein v. Berghauser,* 123 Cal. 681.) Under the law of this state the widow and three children were the heirs of Theodore Wheadon, and became vested with the title to the land. As they did not take the land by inheritance from their ancestor, but by direct conveyance from the United States, the portion taken by each heir is not determined by the law of inheritance, but by the terms of the conveyance. (*Cooper v. Wilder,* 111 Cal. 191; 52 Am. St. Rep. 163.) Section 2269 vests the land in them equally and, consequently, the widow and each of the children took by the patent an undivided quarter of the land. (See *Sheehy v. Miles,* 93 Cal. 288.)

The order is reversed.

Garoutte, J., and Van Dyke, J., concurred.