## ASPEY v. BARRY *et al.*

1. Where deceased filed a timber-culture claim to government land, and a patent therefor was subsequently issued "to the heirs of" decedent, such heirs did not take by inheritance, but as direct grantees from the government.

2. Comp. Laws, § 2591, declares that a husband and wife may agree in writing to an immediate separation providing for support. A husband and wife entered into a separation agreement, by which each waived all rights in the other's property, acquired or to be thereafter acquired.

The heirs of the husband thereafter obtained a patent for a timber-culture claim, to which the husband was entitled to make final proof at his death, and the wife and one of the heirs executed a quitclaim deed thereof to defendant. *Held*, that by the separation agreement the wife released all right to share in any property to the acquisition of which the husband had contributed, and hence defendant was only entitled to the heirs share of the land in a suit to partition the same.

HANEY, J., dissenting.

(Opinion filed June 1, 1900.)

Appeal from circuit court, McCook county.    Hon. JOSEPH W. JONES, Judge.

Action by Mary Aspey against Rose A. Barry and others for the partition of land.    From a judgment declaring plaintiff to be entitled to two-ninths of the land only, she appeals.    Reversed.

The facts are stated in the opinion.

*P. W. Scanlan,* for appellant.

A timber culture claim proven up after the death of the entryman is granted direct to the heirs of the deceased entryman is not devisable.    Walker v. Dailey, 49 N. W. 813; Cooper v. Wilder, 43 Pac. 591; Aall v. Russell, 101 U. S. 503; Weeks v. Ry. Co., 47 N. W. 737; Davenport v. Lam, 13 Wall, 418.

Only those related to the deceased by blood are heirs. Husband and wife are not heirs of each other.    Dore v. Torr, 128 Mass.; Blackman v. Wadsworth. 21 N. W. 190; Wainwright v. Low, 21 N. Y. S. 888; Irwin's Appeal. 106 Penn. 184; Black on Law of Wills, § 294; Lindly v. Goth. 44 N. W. 196; Mace v. Cushman, 45 Me. 250; State v. Engle. 21 N. J. L. 367.

Wife's claim of heirship is an exception to the rule and must be established by well defined law.    May v. Fletcher, 40 Ind. 574; Bowen v. Preston, 48 Ind. 367.

A wife may be disinherited by will except as to her homestead right. Burdick v. Kent, 3. N. W. 643; Farrell v. McKinna, 48 N. W. 459; *In re* Winslow, 53 Pac. 362.

Abandonment by the husband or wife is a relinquishment of the distributive share in the estate. Leach v. Executor, 26 N. W. 754; *In re* Wilber, 9 N. W. 162; Aardy v. Scales, 11 N. W. 590.

Grantee under quit claim deeds is not entitled to any equities of which he had notice. Raymond v. Morrison, 13 N. W. 332; Pastell v. Palmer, 32 N. W. 257; Peters v. Currier, 45 N. W. 73; Hoyt v. Schuyler, 29 N. W. 306; Martin v. Norris, 22 N. W. 525; Miller v. Wolfe, 18 N. W. 889; Hunne v. Franzler, 34 *id.* 490; Parker v. Randolph, 59 *id.* 276.

Executors are held to strict account. C. L., Sec. 5859; Boyd v. Blackburn, 29 Cal. 30; Bernal v. Lynch, 36 *id.* 146; Scott v. Muberger, 41 *id.* 44; O'Connoll v. Lind, 57 *id.* 293.

The United States Land Department will not designate by name the heirs, nor adjudicate the rights and equities of persons under the patent. Cooper v. Wilder, 43 Pac. 592; Simon v. Wagner, 101 U. S. 260; Cornelius v. Kissell, 128 *id.* 456.

*M. A. Butterfield,* for respondent Caroline Jackson.

*L. L. Fleeger,* for respondent St. Croix Lumber Co.

FULLER, P. J. On the 14th day of February, 1896, Samuel Jackson died testate, and this action is to determine the respective interests of his heirs in 160 acres of land which he held at the time of his death, under the federal statute, as a timberculture claim, and for which the United States subsequently issued a patent conveying the same in terms, and without further designation, "to the heirs of Samuel Jackson," who took,

not by inheritance, but as grantees of the government. Rogers v. Clemmans, 26 Kan. 522; Cooper v. Wilder, 111 Cal. 191, 43 Pac 591; Hall v. Russell, 101 U. S. 503, 25 L. Ed. 829; Hershberger v. Blewett (C. C.) 55 Fed. 170. It being practically conceded that decedent's possessory right under the United States statute could not be disposed of by will, the point requires no further discussion or citation of authority. Samuel Jackson left surviving him two daughters, the appellant Mary Aspey, and the respondent Rose Barry; also a son, the respondent Luther A. Jackson; and a widow, the respondent Frances A. Jackson, from whom he had lived apart continuously for years pursuant to a mutual agreement clearly expressed in a duly acknowledged and certified written instrument by which their legal relations as to property were expressly altered and defined as follows: "That said Samuel A. Jackson shall remain upon and occupy the southwest quarter of section twenty-six, in township one-hundred and one north, of range fifty-four in McCook county, South Dakota, the same being the homestead of the parties hereto, tend the crops, and farm the same as he may desire, until the same is sold; the said Samuel A. Jackson to deliver unto his said wife one-third of all crops raised thereon by him, or the proceeds thereof. That the said Frances A. Jackson shall have the privilege of selling and disposing of the said premises whenever she desires, and for such consideration as, in her judgment, she may think best, and the said Samuel A. Jackson shall join her in the execution of a sufficient deed thereof upon the said Frances A. Jackson paying him the sum of three hundred dollars for the purpose of reimbursing him for the improvements made by him on said premises at his sole expense. In case, however, the said wife shall make sale

of said premises at the time when the said husband shall have crops growing or standing thereon, he shall have the privilege of remaining thereon until after said crops are fully harvested and cared for, and in case the said wife effect a sale of said premises at a time the same shall have been prepared by said husband by plowing for the ensuing year's crops, then, in that event, she shall pay just compensation for such work before he shall be required to surrender possession of said premises. Said Frances A. Jackson hereby relinquishes all right, title, interest, and demand whatever she may now have or may hereafter acquire by operation of law or otherwise in and to any and all personal and real property now in possession of or that may hereafter be acquired by, the said Samuel A. Jackson, meaning thereby and intending to convey any and all title, right and interest in or to any and all such property in the possession of the said Samuel A. Jackson, or that may be by him hereafter acquired. Said Samuel A. Jackson hereby relinquishes all right, title, claim, interest, or demand whatever (except the claim of three hundred dollars, and just compensation for preparing said premises for crops in case a sale thereof is made at a time they are prepared) he may have or may hereafter acquire, by operation of law or otherwise, in and to any and all personal property now in possession of, or that may hereafter be acquired by, said Frances A. Jackson, meaning thereby and intending to convey any and all right, title, and interest in or to any and all such property in the possession of the said Frances A. Jackson, or that may be by her afterwards acquired. Each of said parties hereby releases the other from any and all claims for maintenance and support, and each agrees not to contract upon or in behalf of the other. Each

hereby covenants and agrees to make, execute, acknowledge and deliver in future any and all necessary papers and convey· ances to the property of the other. This is a full and complete settlement of all matters and things regarding the separation, living apart, and property of the parties hereto." After final proof was completed, and the patent issued to the heirs of Samuel Jackson, deceased, quitclaim deeds describing the tract were obtained by his sister, the respondent Caroline Jackson, from the widow and son, the respondents Frances and Luther, and upon the theory that the widow had succeeded to the three-ninths interest, and the son to the two-ninths interest, all of which was conveyed by the quitclaim deeds, the trial court, upon findings of fact accordingly made, arrived at the following conclusions of law, and this appeal is from a judgment accordingly entered: "First, that the defendant Caroline Jackson is owner in fee simple of and entitled to the undivided five ninths of the premises in the complaint mentioned; second, that plaintiff, Mary Aspey, and the defendant Rose A. Barry are each owner in fee simple and entitled to the undivided two-ninths of the premises mentioned in the complaint; and that the plaintiff is entitled to a judgment for a division and partition of said premises accordingly." Our view of the articles of separation renders it needless to determine whether the widow is an heir in contemplation of the timber-culture act requiring the patent to issue to the heirs of a deceased entryman upon proof of compliance with its various provisions. Obviously, the contract between the husband and wife severing their property rights rested upon a sufficient consideration, and was, in its terms, such as the statute expressly authorizes as a means by which their legal relations as to prop-

erty may be completely changed. Comp. Laws, § 2591; *In re*
Davis' Estate, 106 Cal. 453, 39 Pac. 756; *In re* Winslow's Estate
(Cal.) 53 Pac. 362. By division of all property previously ac-
quired, the relinquishment of every demand that each might
have against the other, and the solemn stipulation that neither
should ever have or assert any interest whatever in any prop-
erty, real or personal, that the other might subsequently ac-
quire, by operation of law or otherwise, the will of the parties
is so plainly expressed that no firm ground exists upon which
to base judicial *interference.* That the husband and wife under-
stood the full import of their undertaking is clear from the fact
that they immediately separated and never thereafter cohabited,
nor in any manner neglected to faithfully perform and observe
every covenant and condition of this contract, and now, after
his death, she claims nothing as a surviving wife or otherwise.
By conforming to the requirements of law with respect to plant-
ing and cultivating trees for a specified number of years, the
husband had fully earned a grant of the premises free from any
claim that the wife might assert; and the fact that he died with-
out making final froof of such acts entitling him to a patent in
no manner conferred upon her an interest in the land, because
the express terms of their contract suggests the irresistible in-
ference that the sole purpose and intention of both parties was
that neither should thereafter share in any property to the ac-
quisition of which the other had contributed in the remotest de-
gree. It therefore follows that the heirs in whom the United
States government vested the fee-simple title equally are the
three children. Mary Aspey, Rose Barry, and Luther A. Jack-
son, and that by the quitclaim deed from the widow, Frances
A. Jackson, the respondent Caroline Jackson took nothing.

It is urged by counsel for appellant that the daughters, Mary Aspey and Rose Barry, each own an undivided one-half interest in the premises, for the reason that their brother, Luther A. Jackson, during the lifetime of his father, received an advancement fully equal to his interest in decedent's estate, but there is no merit in such contention. Were we to treat this timber-culture (entry) as a part of the estate of Samuel Jackson, deceased, there is not a syllable in the record to show that anything of value was ever given by the father to the son as an advancement, or at all. In order to exclude an heir from the distribution of an estate, the amount of the advancement must equal or exceed the share to which he would otherwise be entitled; and the recitals of the grant or written expression of the decedent in the nature of a charge, or the written acknowledgement of the heir of the receipt of such gift or grant is, in contemplation of law the best evidence of an advancement to be taken into consideration in making a division among lineal descendants. Comp. Laws, §§ 3411–3414, inclusive. By his quitclaim deed to Caroline Jackson, Luther A. Jackson disposed of his undivided one-third interest in the premises, and, so far as disclosed by the record, she is still the owner thereof. The land described in its notice and claim of lien for material furnished being six miles from the premises in controversy, the finding of the court that the respondent St. Croix Lumber Company is entitled to no relief is not questioned. Our conclusion is that appellant, Mary Aspey, and her sister, Rose A. Barry, surviving heirs of Samuel Jackson, deceased, each own an undivided one-third interest, and that Caroline Jackson, as grantee of their brother, Luther A. Jackson, the other heir surviving, is the owner of the other undivided one-third inter-

est, and upon such basis partition between the parties should be decreed. This makes it unnecessary to consider any other question argued. The judgment appealed from is reversed, and the case remanded for further proceedings consistent with the foregoing opinion.

HANEY, J., dissenting. ·