JOHN BRAUN, Appellant, v. ALFRED MATHIESON.

**Public lands:** INTEREST OF ENTRYMAN : DOWER. An entryman under the timber culture laws of the United States acquired no vested right in the land until performance of the conditions imposed by the statute entitling him to a patent: so that upon his death prior to issuance of patent his widow would have no dower right in the premises, in the absence of a showing that he had become vested with the equitable title by performance of all the conditions.

**Same:** DEATH OF ENTRYMAN : RIGHTS OF HEIRS AND WIDOW. Upon the death of a timber culture entryman of public lands, prior to the issuance of patent, his heirs or personal representatives were entitled under the statute by substitution, to prove com-

pliance with the provisions of the law and procure the issuance of a patent to them, who took by purchase and not by descent; and the widow, as such, acquired no interest in the property.

**Same:** WHO ARE HEIRS: RIGHTS OF WIDOW. The local law governs in determining who are the grantees in a patent issued to the heirs of a deceased timber culture entryman; and by the law of this State, where there are direct descendants, the widow, so far as her dower interest is concerned, is not an heir and takes no interest in the premises either as such, or as a personal representative.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

SATURDAY, JUNE 6, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACTION to quiet title. A demurrer to plaintiff's petition being sustained, judgment was rendered for the defendant, from which plaintiff appeals.

*Edwin J. Stason* and *Alfred Pizey,* for appellant.

*Henderson & Fribourg,* for appellee.

McCLAIN, J.— From the allegations of the petition it appears that in 1882 one Ludwig Braun entered the land in controversy as a timber culture claim pursuant to Act of Congress, June 14, 1878, chapter 190 (20 Stat. 113), and in 1893, Ludwig Braun having in the meantime died without receiving the patent to the land under his claim, patent thereto was issued by the United States unto the " heirs of Ludwig Braun, deceased "; it being recited that the claim of said heirs had been established and duly confirmed in conformity to law. Ludwig Braun left surviving him his widow, Matilda, and his son, John, the plaintiff in this action. In 1902 the undivided two-thirds of the land

was sold at guardian's sale as the property of plaintiff and conveyed to the defendant. On the same date Matilda Braun, as widow, made a pretended conveyance to the defendant of an undivided one-third interest in the premises. Under these conveyances the defendant claims to be the owner in fee simple of the land as patented to the heirs of Ludwig Braun as aforesaid, while plaintiff claims that the conveyance by the widow was ineffectual to pass any interest, as no interest had vested in her, and that he is still the owner of an undivided one-third of the land.

Under the timber culture act, already referred to (Act June 14, 1878, since repealed by Act March 3, 1891 [U. S. Comp. St. 1901, page 1535], with a saving clause as to claims already initiated), the entryman was entitled to a patent at the expiration of eight years from the date of entry if the conditions of the act had been complied with, or at any time within five years thereafter on compliance with such conditions; and it is contended for the appellee that, as eight years after the date of the original entry by Ludwig Braun had expired before his death, he had become vested with equitable title requiring only the formal issuance of a patent to convert it into a legal title, and that his widow had a vested right of dower in the premises under this equitable title on her husband's death. But, as there is no evidence that Ludwig Braun had, prior to his death, complied with all the conditions of the act so as to be entitled to a patent, it must be presumed that there was no right to a complete title under the act until the patent was issued to his heirs.

1. PUBLIC LANDS: interest of entryman: dower.

It is to be observed that the act contemplates the possibility that its conditions may not be complied with during eight years, but that the entryman or his heirs may acquire the right to a patent by compliance with such conditions within the following five years, and there are no allegations in the petition indicating that the right to a patent had accrued and become perfect prior to the time when such

patent was in fact issued. The interest of the widow is therefore to be determined under the patent to the heirs. Such a grant is not *in præsenti,* but the entryman acquires as against the United States only the right to occupy the land entered and perform the conditions which will enable him to acquire the title. He has no vested right until the conditions have been fully complied with. *Frisbie v. Whitney,* 9 Wall. (U. S.) 187 (19 L. Ed. 668); *The Yosemite Valley Case,* 15 Wall. (U. S.) 77 (21 L. Ed. 82); *Hall v. Russell,* 101 U. S. 503 (25 L. Ed. 829).

The statute provides that, if the person making such entry at the time when the right to a patent accrues is dead, the "heirs or legal representatives" of the entryman may prove compliance with the provisions of the act; and accordingly the patent to the land in question was issued to the "heirs of Ludwig Braun, deceased." It has uniformly been held that such a patent under the timber culture act or other statute containing similar provisions passes title directly to the heirs as substituted beneficiaries, who take by purchase, and not by descent, and that the title vests in such heirs by the grant, and not as successors to the interest of the deceased entryman. *Hall v. Russell,* 101 U. S. 503 (25 L. Ed. 829); *Hershberger v. Blewett* (C. C.) 55 Fed. 170; *Haun v. Martin,* 48 Or. 304 (86 Pac. 371); *Walker v. Ehresman* (Neb.) 113 N. W. 218; *Warner Valley Stock Co. v. Morrow,* 48 Or. 258 (86 Pac. 369); *Gould v. Tucker,* 20 S. D. 226 (105 N. W. 624); *Wittenbrock v. Wheadon,* 128 Cal. 150 (60 Pac. 664, 79 Am. St. Rep. 32); *Cooper v. Wilder,* 111 Cal. 191 (43 Pac. 591, 52 Am. St. Rep. 163); *Aspey v. Barry,* 13 S. D. 220 (83 N. W. 91). The widow of the deceased entryman acquires no interest as such; no title having passed to the entryman in which she can take a right of dower. *Quinn v. Ladd,* 37 Or. 261 (59 Pac. 457); *Mayhard v. Hill,* 25 U. S. 190 (8 Sup. Ct. 723, 31 L. Ed. 654).

The sole question for determination, then, is whether

2. SAME: death of entryman: right of heirs and widow.

under the description of the grantees in the patent as Ludwig Braun's " heirs " his widow acquired any interest.   As there

3. SAME: who are heirs: rights of widow.

is no law of descent under the statutes of the United States, the term " heirs " is to be construed in accordance with the local law.   *Hall v. Russell,* 101 U. S. 503 (25 L. Ed. 829) ; *Wittenbrock v. Wheadon,* 128 Cal. 150 (60 Pac. 664, 79 Am. St. Rep. 32) ; *Caldwell v. Miller,* 44 Kan. 12 (23 Pac. 946) ; *Hutchinson Inv. Co. v. Caldwell,* 152 U. S. 65 (14 Sup. Ct. 504, 38 L. Ed. 356).   But the local law is resorted to, not for the purpose of determining the distribution of the estate of a deceased person, but only to determine who are the grantees under such description in the patent.   When the persons coming within the description of " heirs " are determined by the local law, their interests are fixed by the patent itself, and not by the law of descent and distribution.   *Gould v. Tucker,* 20 S. D. 226 (105 N. W. 624) ; *Wittenbrock v. Wheadon,* 128 Cal. 150 (60 Pac. 664, 79 Am. St. Rep. 32) ; *Cooper v. Wilder,* 111 Cal. 191 (43 Pac. 591, 52 Am. St. Rep. 163). In this state the widow so far as her dower interest is concerned — that is, taking as widow only, there being direct descendants of deceased,— is not an heir.   *Kuhn v. Kuhn,* 125 Iowa, 449 ; *Phillips v. Carpenter,* 79 Iowa, 600 ; *Rausch v. Moore,* 48 Iowa, 611 ; *Blackman v. Wadsworth,* 65 Iowa, 80.   And this has been the construction placed upon the term " heirs " by the Land Department of the United States under the timber culture statute.   *King Timber Culture Entry,* 1 Land Dec. Dep. Int. 148 ; *Taylor Timber Culture Entry,* 1 Land Dec. Dep. Int. 163 ; *Rabuck v. Cass,* 5 Land Dec. Dep. Int. 398 ; *Starkweather v. Starkweather,* 15 Land Dec. Dep. Int. 162.   In the California case above cited the widow is held to be within the description of heirs by reason of the peculiar provisions of that state relating to the descent and distribution of property ; but in general the widow is not an heir.   4 Words and Phrases, 3258.   The construction to be put on the patent is not affected by the fact that the statute

authorizes proof to be made by the heirs "or legal representa-tives" of the deceased entryman. An assignee of the claim is a legal representative entitled to prove up after the death of the entryman. *Hogan v. Page,* 2 Wall. (U. S.) 605 (17 L. Ed. 854); *Carpenter v. Rannels,* 19 Wall. (U. S.) 138 (22 L. Ed. 77). The phrase in its ordinary acceptation means executor or administrator. *Kelsay v. Eaton,* 45 Or. 70 (76 Pac. 770, 106 Am. St. Rep. 662). We find no authority for holding that a widow claiming only a dower interest in real property of the deceased person is to be deemed a personal representative.

The decree of the lower court is erroneous in holding that the conveyance by the widow to the defendant was effectual to vest in him an undivided one-third interest in the property; and it is *reversed.*