(September 26, 1912.)

# CLARA POWELL et al., Appellants, v. ETHEL POWELL, Respondent.

## [126 Pac. 1058.]

DESERT LAND ENTRY—DEATH OF ENTRYMAN—DESERT LAND PATENT TO
HEIRS OF ENTRYMAN—HEIRS TAKE TITLE BY PURCHASE—HEIRS
TAKE TITLE AS TENANTS IN COMMON—HEIRS TAKE TITLE IN THE
SAME PROPORTION AS THEY WOULD TAKE BY INHERITANCE—HEIRS
DEFINED.

### (Syllabus by the court.)

1.   Where an entryman under the desert land laws of the United
States dies before completing his improvements and reclaiming the
land, and his administratrix thereafter completes the work required,
reclaims the land and pays the balance of the purchase price, and
a patent is issued to the heirs of the deceased entryman, the heirs
take by purchase and not by inheritance, and land so acquired is not
subject to administration by the probate court as a part of the estate
of the deceased.

2.   Where a patent issues from the United States "to the heirs"
of a deceased person, and there is no act of Congress specifying or
designating who shall be deemed heirs, in such case resort must be
had to the laws of the state where the land is situated for the pur-
pose of determining who were the heirs of the deceased.

3.   *Held,* that the heirs meant and intended by such patent from
the government are those heirs who would have inherited the separate
property of the deceased under the laws of this state, they being the
wife and children.

4.   Under the statutes of this state, secs. 3059 and 3104, the com-
mon-law rule of joint tenancy has been abrogated, and every in-
terest in real estate granted or devised to two or more persons,
other than executors or trustees, constitutes a tenancy in common,
unless expressly declared to the contrary by grant or devise.

5.   Where the heirs of a deceased entryman upon public land of
the United States receive a patent for such land after the death of
the entryman, they will take their title under the laws of this state
as tenants in common, each heir taking the same interest and share
in such property that he would have taken in the separate property of
the deceased under the laws of succession of this state.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action upon agreed case for the purpose of determining the title to certain real estate acquired under the United States desert land laws. Judgment and decree entered, holding that the land was subject to administration by the probate court. *Reversed* and remanded, with direction to enter a modified decree.

Rice, Thompson & Buckner, for Appellants.

The patent having been issued to the heirs of Perry N. Powell, deceased, his heirs must take equally, and not according to the laws of descent of the state wherein the lands are situated.

Since the United States has no general law of succession, who are the heirs must be determined by the law of the state in which the land is situated. (*Cooper v. Wilder,* 111 Cal. 191, 52 Am. St. 163, 43 Pac. 591; *Caldwell v. Miller,* 44 Kan. 12, 23 Pac. 946; *Wittenbrock v. Wheadon,* 128 Cal. 150, 79 Am. St. 32, 60 Pac. 664; *Dawson v. Mayall,* 45 Minn. 408, 48 N. W. 12; *Gjerstadengen v. Van Duzen,* 7 N. D. 612, 66 Am. St. 679, 76 N. W. 233; *Haun v. Martin,* 48 Or. 304, 86 Pac. 372; *Coulson v. Wing,* 42 Kan. 507, 16 Am. St. 503, 22 Pac. 570; *Braun v. Mathieson,* 139 Iowa, 409, 116 N. W. 789; *Aspey v. Barry,* 13 S. D. 220, 83 N. W. 91.)

J. A. Elston, for Respondent.

The title to the land designated in the patent shall inure to and become vested in the heirs, devisees or assignees of such deceased patentee as if the patent had issued to the deceased person during life. (*Tarver v. Smith,* 38 Ala. 135; *Davenport v. Lamb,* 13 Wall. (U. S.) 427, 20 L. ed. 655.)

Though the patent issued to the heirs of a decedent, and they thereby receive the legal title, they will hold half of it in trust for the decedent's widow, if she be lawfully entitled thereto. (*Fishback v. Young,* 19 Tex. 515; *Wheat v. Owen,*

15 Tex. 241, 65 Am. Dec. 164; *McDonald v. Button,* 68 Cal. 445, 9 Pac. 714.)

Under a patent issued to the heirs of the deceased claimant, the heirs take by descent, and not by purchase. Title acquired by them inures to the grantees of the decedent. (*Douglas v. McCoy,* 5 Ohio, 526.)

AILSHIE, J.—This controversy was determined on an agreed case submitted to the judge of the lower court. In October, 1902, Perry N. Powell filed a desert entry on 320 acres of land in Canyon county, and after making one year's improvements and one annual proof on the land, and on or about the 26th of October, 1904, he died intestate, leaving as his heirs at law Clara Powell, his wife, who is one of the plaintiffs in this action, and eight minor children. His wife was thereupon appointed administratrix of the estate and used sufficient of the money and property of the estate to reclaim the land and meet the necessary expenses incident thereto, and thereafter, and on June 14, 1907, received a patent running "to the heirs of Perry N. Powell, deceased."

Two questions were submitted to the court as follows: "First, has the administratrix of the estate of Perry N. Powell, deceased, or the probate court of Canyon county, Idaho, any jurisdiction over the above-described lands so far as pertains to the estate of Perry N. Powell, deceased? Second, is Clara Powell, widow of Perry N. Powell, who is still living, entitled to the whole of said property, or are the heirs at law of Perry N. Powell, deceased, each entitled to one-ninth interest in the property, or is the widow, the said Clara Powell, entitled to a one-half interest in the property and the children each entitled to an undivided one-sixteenth interest in and to said property?" The trial court decided that the administratrix of the estate and the probate court of Canyon county had jurisdiction of the lands so patented, and that the widow was entitled to a one-half interest in the property, and the children each to a one-sixteenth interest. This appeal has been prosecuted by one of the children.

It is well settled that where one entryman on public lands dies before the performance of all the acts required to per-

fect his title, any title subsequently acquired by his heirs or legal representatives does not pass to the estate of the entryman, but passes directly to the heirs. (*Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7, and cases there cited; also *Gould v. Tucker,* 20 S. D. 226, 105 N. W. 624; *Wittenbrock v. Wheadon,* 128 Cal. 150, 79 Am. St. 32, 60 Pac. 664; and *Braun v. Mathieson,* 139 Iowa, 409, 116 N. W. 789.)

Sec. 2448 of the Revised Statutes of the United States (6 Fed. Statutes, Ann., p. 514) directs and authorizes that in case of the death of the entryman prior to the issuance of patent, patent may thereafter issue, vesting title in his heirs, devisees or assignees. While no case has been brought to our attention involving the right and title to a desert entry where the title has been perfected and patent has issued subsequent to the death of the entryman, our attention has been called to cases involving homestead, pre-emption and timber-culture entries (*Council Improvement Co. v. Draper, supra; Gould v. Tucker, supra; Wittenbrock v. Wheadon, supra; Braun v. Mathieson, supra; Hutchinson Inv. Co. v. Caldwell,* 152 U. S. 65, 14 Sup. Ct. 504, 38 L. ed. 356; *Caldwell v. Miller,* 44 Kan. 12, 23 Pac. 946), and it has been uniformly held, so far as we are advised, that in all such cases the heirs take title—not by succession or inheritance, but as purchasers from the United States. This being true, the property so acquired never becomes a part of the estate of the deceased entryman, and the probate court never acquires any jurisdiction to administer upon such property. (*Council Improvement Co. v. Draper, supra.*)

In this case it is clear that the probate court of Canyon county was without jurisdiction to administer upon this property as a part of the estate of Perry N. Powell, deceased.

The grantees in the patent were named as a class and not as individuals. It is necessary, therefore, to determine who are the heirs of the deceased entryman. There is no statute of the United States providing who are heirs, and so it is necessary to turn to the law of the state where the land is located to determine who constitute the heirs of the deceased entryman. (*Hutchinson Inv. Co. v. Caldwell, supra; Caldwell*

*v. Miller, supra; Wittenbrock v. Wheadon,* 128 Cal. 150, 79
Am. St. 32, 60 Pac. 664; *Hochstein v. Berghauser,* 123 Cal.
681, 56 Pac. 547.)

Turning, then, to the statutes of this state to determine
who are the heirs of Perry N. Powell, deceased, we find that
the matter is not even here free from difficulty and doubt, for
the reason that we have no specific statute giving a general
definition of the word "heirs." Turning, however, to chap.
14 of the probate laws of this state on the subject of "suc-
cession," we find that those who constitute a man's heirs
and are entitled to succeed to his estate differ according to
the class of property to be inherited. If the property be a
man's *separate estate,* then by sec. 5702, Rev. Codes, his wife
and children are named as his heirs and inherit the estate;
but, if the property be *community property,* then by sec. 5713,
Rev. Codes, as amended by chap. 13 of the 1911 Session Laws
(1911 Sess. Laws, p. 29), his wife is his sole and only heir;·
but since the property here granted by conveyance from the
United States never passed to the estate of Perry N. Powell,
but passed directly to his heirs, it was never either his *sepa-
rate property* or *community property.* Neither does it ap-
pear in this case whether the money used by him in initiating
this right and making the first year's improvements was his
separate property or community property, nor does it ap-
pear whether the money used by the administratrix out of
the estate in completing the improvement and perfecting the
title was from the separate estate of the husband or his com-
munity estate. The estate which the administratrix was ad-
ministering may have been either the husband's share of the
community estate or it may have been his separate estate,
or it may have been composed of property coming from both
of such estates. We are of the opinion, however, that it is
the safest and most reasonable conclusion to draw from both
our statute and the acts of Congress under which this grant
was made that the *heirs* designated in the patent are *such
heirs as are entitled to inherit the separate and individual
estate of the entryman.* That being true, his heirs would

be his wife and children, as designated by sec. 5702, Rev. Codes.

The next and final question to be determined in this case is whether those heirs would take an equal share, or whether they would take in the proportion in which they would have inherited this property had it belonged to the estate of the deceased entryman.

In *Cooper v. Wilder*, 111 Cal. 191, 52 Am. St. 163, 43 Pac. 591, the supreme court of the state of California, in considering a similar question with reference to the passing of title to a timber-culture claim, held that the state law was only resorted to for the purpose of ascertaining the names of the heirs; that the heirs would not take the respective interests which they would have been entitled to inherit, but that they would rather take equal shares. The same conclusion was reached by the California court in *Wittenbrock v. Wheadon.* The rule announced by the foregoing authorities was approved in *Braun v. Mathicson, supra.* It is held by the authorities generally, both state and federal, that the Congress, by authorizing and directing that final proof may be made and patents issue to the heirs of a deceased entryman, intended that the land should eventually go to the persons to whom the entryman would most likely have left the property had he perfected his title. (*Hutchinson Investment Co. v. Caldwell, supra.*) And it has likewise been held that if he left no one who was entitled to inherit from him under the laws of the state where he lived, that then the land would revert to the government. (*Gould v. Tucker, supra.*)

In view of these considerations, and the evident purpose of Congress in authorizing the heirs to perfect the title and of the character of our statute designating those who are entitled to inherit, we think that the title should and does pass to the heirs in the same proportion and in like shares as they would have taken the same had they inherited it from the entryman. Sec. 2443, Rev. Statutes of the United States, so provides with reference to bounty land grants to soldiers. We conclude that the wife acquired under this patent a one-

third interest in the property and the children each a one-twelfth interest.    (Sec. 5702, Rev. Codes.)

The statute of this state has abrogated the common-law rule of joint tenancy, and now, under secs. 3059 and 3104 of the Rev. Codes, "every interest in real estate granted or devised to two or more persons, other than executors or trustees. as such constitutes a tenancy in common, unless expressly declared in the grant or devise to be otherwise." Under this statute, these heirs did not take title as joint tenants, but rather as tenants in common.

We conclude, therefore, that the judgment in this case must be modified.    The judgment is reversed and the case is remanded, with direction to the district court to enter a decree in accordance with the views expressed in this opinion.    The costs of this appeal will be equally divided between Clara Powell, appellant, and the respondent.

Stewart, C. J., and Sullivan, J., concur.