272 P.2d 1017 (1954)
In re HORNBY'S ESTATE.
LONG
v.
JOHNSON.
No. 8111.
Supreme Court of Idaho.
June 30, 1954.
Bandelin, Bandelin & Ponack, Sandpoint, Myron E. Anderson, Boise, for appellant.
James E. Hunt, Raymond T. Greene, Jr., Hardy C. Lyons, Sandpoint, for respondent.
PORTER, Chief Justice.
During the administration of the estate of Bertha L. Hornby, deceased, a controversy arose as to whether respondent was entitled to take under the olographic will of deceased. A stipulation of facts was filed by the parties in the Probate Court of Bonner County where the will was being probated, and the controversy submitted to the court for decision. The material part of the stipulation is as follows:

"I.
"That Mrs. Bertha L. Hornby died testate on the 9th day of June, 1952, a resident of Bonner County, Idaho.

"II.
"That the will of said Mrs. Bertha L. Hornby, deceased, was admitted to probate on the 11th day of July, 1952, with Mrs. Bertha E. Johnson named administratrix with the will annexed.

"III.
"That the will of Bertha L. Hornby, after specific bequests, left the residue of the estate in equal shares to her five brothers and one sister, to-wit:
"`My sister, Minnie L. Thompson  or
 her heirs.
 My brothers,
 George A. Long  or his heirs.
 Charles J. Long  or his heirs.
 Frank E. Long  or his heirs.
 Oscar B. Long  or his heirs.
 Albert L. Long  or his heirs.'

"IV.
"That the said George A. Long, brother of Bertha L. Hornby, deceased, died on the 1st day of September, 1949, being survived by his wife, Mrs. Edna B. A. Long, there being no issue, dead or alive, of the said George A. Long, deceased, and no surviving parents.

*1018 "V.
"That the said George A. Long, deceased, and Edna B. A. Long, were married one to the other at Chicago, Illinois, on the 21st day of February, 1925, and remained husband and wife until his death."
The probate court entered a decree holding that respondent was entitled to receive the share of the estate willed to George A. Long, her deceased husband. An appeal was taken by appellant from such decree to the district court, which court upon submission of the matter also entered a decree holding that respondent was entitled to receive the share of the estate willed to her deceased husband. From such judgment and decree this appeal is prosecuted.
The main position taken by appellant is that respondent, as the widow of George A. Long, is not one of his heirs and does not come within the term "George A. Long  or his heirs"; and that his brothers and sisters, as his heirs, succeed to his share of the estate. Appellant urges that under the common law a wife was not an heir of her husband and cites the following authorities asserting such rule and applying the same: Golder v. Golder, 95 Me. 259, 49 A. 1050; Herrick v. Low, 103 Me. 353, 69 A. 314; Higginbothom v. Higginbothom, 177 Ky. 271, 197 S.W. 627, L.R.A.1918A, 1105; Tillman v. Davis, 95 N.Y. 17, 47 Am.Rep. 1; Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464.
Appellant further urges that there being no statute in Idaho defining the term "heirs", Section 73-116, I.C., requires us to adopt the common-law definition of heirs. Such section reads as follows:
"The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state."
It is not disputed that under the common law a wife was not an heir of her husband, and that such rule has been applied in some jurisdictions. It appears to be predicated on the theory that the rights of a wife in the estate of her deceased husband is in the nature of dower and arise from the marriage and not from inheritance.
In view of our statutes governing succession, Section 73-116, I.C., is not applicable and does not require us to adopt the common-law definition of an heir. Our statutes as set out in Chapter 1 of Title 14, I.C., are intended to provide a complete system for the succession to property of persons dying intestate. In re Reil's Estate, 70 Idaho 64, at page 69, 211 P.2d 407, at page 409, 19 A.L.R.2d 186, we said:
"Appellants contend that under I.C. sec. 73-116, the rules of the common law must be considered. Assuming that this contention is based upon the theory that this is a case `not provided for' in the statute, the point is not well taken because our statute purports to provide a complete system for the succession to property of decedents. In so far as it does so it abrogates the common law."
See also, Locklear v. Tucker, 69 Idaho 84, 203 P.2d 380, as to the abrogation of the common law by the adoption of a complete statutory system covering any field of law.
Our statutes governing succession determine who are the heirs of intestate decedents. Section 14-103, I.C., par. 4, provides:
"4. If the decedent leave a surviving husband or wife and neither issue, father nor mother, the whole estate goes to the surviving husband or wife."
This section is not dealing with the rights of the surviving spouse in and to community property, but is dealing with the separate estate of the decedent. Under this statute the surviving spouse does not take by virtue of a marital right, but as a designated beneficiary. By such statute the wife is made an heir of the husband.
This court has repeatedly recognized that a wife, under our statutes, was an heir of her deceased husband. In Morgan v. Ireland, 1 Idaho 786, at page 789, this court said:
"But by our statutes more liberal provisions for the widow have been substituted in place of the abolished *1019 dower right. They provide that the widow shall be entitled to a half-interest in the common property, consisting of that acquired after marriage by either husband or wife, except such as is acquired by gift, bequest, devise, or descent; and if there be more than one child living, as in this case, one-third of the separate estate of the deceased husband shall be inherited by her. It gives to the surviving husband or wife, one-half of the common property in his or her own right, upon the assumption that each has contributed equally to its acquisition, and, by inheritance, one-third of the separate estate of the deceased; thus making either spouse heir to the other." (Emphasis supplied.)
In Hays v. Wyatt, 19 Idaho 544, at page 552, 115 P. 13, at page 15, 34 L.R.A.,N.S., 397, we said:
"The word `heirs' in its ordinary or customary sense means the kindred of the decedent upon whom the law, immediately upon his death, casts the estate in real property in the absence of a devise."
In Powell v. Powell, 22 Idaho 531, at page 535, 126 P. 1058, at page 1059, we discussed the meaning of the word "heirs" as follows:
"Turning then to the statutes of this state to determine who are the heirs of Perry N. Powell, deceased, we find that the matter is not even here free from difficulty and doubt for the reason that we have no specific statute giving a general definition of the word `heirs.' Turning, however, to chapter 14 of the probate laws of this state on the subject of `succession,' we find that those who constitute a man's heirs and are entitled to succeed to his estate differ according to the class of property to be inherited. If the property be a man's separate estate, then by section 5702, Rev.Codes, his wife and children are named as his heirs and inherit the estate; but, if the property be community property, then by section 5713, Rev.Codes, as amended by chapter 13 of the 1911 Session Laws (Sess.Laws 1911, p. 29), his wife is his sole and only heir; * * *."
In Whitley v. Spokane etc. Ry. Co., 23 Idaho 642, at page 662, 132 P. 121, at page 127, this court, in recognizing that a surviving wife was the heir of her deceased husband, said:
"An heir is `one who on the death of another becomes entitled by operation of law to succeed to the deceased person's estate, as an estate of inheritance; an heir at law.' Standard Dictionary; Oxford Dictionary; [1] Bouvier's Law Dictionary [Rawle's Third Revision, p. 1432]; Black's Law Dictionary. Our statute defines who shall inherit the property of a deceased person. Those persons are his `heirs,' * * *".
In support of her position that an heir is one who takes under the statutes of descent and distribution, respondent cites the following additional authorities; Little v. Ireland, D.C.Idaho, 30 F.Supp. 653; In re Wilson's Estate, 184 Cal. 63, 193 P. 581; In re Layton's Estate, 217 Cal. 451, 19 P. 2d 793, 91 A.L.R. 480; 16 Am.Jur., Descent and Distribution, Sec. 50, pages 822-823; Lavery v. Egan, 143 Mass. 389, 9 N.E. 747; Lee v. Roberson, 297 Ill. 321, 130 N.E. 774; 19 Words & Phrases p. 300.
Respondent also cites the following additional authorities which tend to support the rule that a wife is an heir of her deceased husband; In re Baxter's Estate, 58 Ariz. 16, 117 P.2d 91; Clemens v. Munroe, 212 Ill.App. 296; In re Ward's Estate, 162 Misc. 855; 297 N.Y.S. 16; Walker v. Walker, 283 Ill. 11, 118 N.E. 1014; 57 Am.Jur., Wills, Sec. 1372, page 912.
Appellant appears to take the additional position that in the phrase, "George A. Long  or his heirs" used in the will, the words "or his heirs" are words of limitation and not words of substitution; and that George A. Long having died prior to the testator the bequest lapsed. Appellant contends that under the common law there is a lapse when the beneficiary dies before the testator which lapse is not prevented by the survival of a spouse but is only prevented *1020 under our statute by the survival of lineal descendants. Section 14-323, I.C., the anti-lapse statute of this state, reads as follows:
"When any estate is devised or bequeathed to any child or other relative of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."
Appellant urges that the bequest to George A. Long, having lapsed, reverts to the residuary estate and is to be distributed accordingly. Coleman v. Jackson, Tex.Civ. App., 126 S.W. 1178.
The words "or his heirs" do not appear to be used in the will as words of limitation, but as words of substitution. The will provides for an alternative gift to George A. Long or in case of his death, to his heirs. In 69 C.J., Wills, par. 2256, pages 1051-1053, it is said:
"It is familiar law that a legacy lapses by the death of the legatee in the lifetime of the testator, unless there be words of substitution or other provisions in the will, or by statute, against a lapse."
In the case of In re Hoermann's Estate, 234 Wis. 130, 290 N.W. 608, at page 610, 128 A.L.R. 89, the court said:
"This does not mean that the context of the will may not disclose that words which are presumably words of limitation were in fact intended to create a substituted bequest. For example, in Re Evans, supra, [234 N.Y. 42, 136 N.E. 233] the fact that the gift was of personalty and that the words `or heirs' rather than `and heirs' were used was considered, together with other circumstances, as sufficient to repel the inference that the words were intended to limit the bequest and warrant the conclusion that they were words of substitution."
See also, 19 Words and Phrases, p. 300. The words "or his heirs" being interpreted as words of substitution instead of words of limitation, there is no lapse of the bequest to George A. Long or his heirs.
We conclude that under the terms of the will of Bertha L. Hornby, deceased, respondent is entitled to take the share of the estate granted to George A. Long  or his heirs. The judgment of the trial court is affirmed. Costs to respondent.
GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.