JAMES PARKER & others *vs.* HARLESTON PARKER.

Suffolk.   June 23. — 24, 1875.   COLT & AMES, JJ., absent.

The appointment of a trustee under the St. of 1874, c. 388, § 2, is but a preliminary order with a view to secure a hearing in behalf of all possible interests in the matter to be tried, and not an adjudication of title; and if there are reasonable grounds for the suggestion that there are or may be such interests, a representative of such interests should be appointed.

In cases where there is a right of appeal to this court, the matter in controversy should be judicially heard and considered in the court below, and a *pro forma* judgment merely should not be entered.

APPEAL from the decree of the Probate Court dismissing a petition filed by James Parker, Richard T. Parker and James V. Parker, praying for the appointment of a trustee under the St. of 1874, c. 388, § 2. The decree was as follows:

" On the foregoing petition, it appearing that all parties interested have had due notice, and the counsel of both parties concurring in the statement that the question whether the petition can be maintained is one of great nicety and difficulty, and that neither party would abide by the judgment of this court as final: now, without argument, it is decreed that said petition be dismissed."

At the hearing in this court, before *Colt*, J., it appeared that proceedings were pending, in the Superior Court for Suffolk County, for the assessment of damages caused by the taking of certain land by the city of Boston in the construction of a reservoir, known as the Parker Hill reservoir; that the title to the land thus taken was in the devisees under the will of John Par-

ker, deceased ; and that the petitioner James Parker was the last tenant for life under the will.

The case was reserved for the full court on an agreed statement of facts, and was as follows :

The will of John Parker, dated February 22, 1841, contained the following clause : " At the decease of my said wife I give and devise my said house and farm in Roxbury, with such of the stock, utensils and other personal chattels hereinbefore given therewith to my said wife, (if any shall then remain,) to the eldest child of my father, excepting my brother George, who shall then be living and survive my wife, to hold for his or her life ; and at the decease of such eldest child of my father, I give the same real and personal property to my father's next eldest child then living, except my said brother George, for life, and so on to each of my father's children for life, except as aforesaid, until the death of the last survivor ; and when all my father's children (except said George) shall have deceased, I devise the said real and personal estate unto the eldest male grandchild of my said father bearing the name of Parker, to his heirs and assigns forever, requesting that every reasonable effort may be made, and all lawful means used, to continue the ownership of said house and farm in the family of my father, conformably to this my declared desire to prevent its alienation."

At the date of this will there were living the following children of the testator's father : Peter Parker, born April 7, 1785 ; Elizabeth Shimmin, born March 16, 1787 ; George Parker, born March 2, 1793 ; Charles Parker, born February 20, 1797 ; James Parker, born December 6, 1798. There were also then living, grandchildren of the testator's father, bearing the name of Parker, Harleston, the son of Peter, then 19 years of age ; George, the son of Charles, then 12 years of age ; James V., the son of Charles, then 10 years of age ; Richard T., the son of James, then 11 years of age.

The testator died December 29, 1844, leaving all the above named children and grandchildren of his father surviving, except the grandchild George, the son of Charles. The testator's wife Anna survived him, and died in July, 1873. All the children and grandchildren before named, then and now living, are the petitioners James Parker, Richard T. Parker and James V. Parker, and the respondent, Harleston Parker.

The property in question was devised to the testator by his father, under the following clause in the will of the latter : " My house and farm in Roxbury aforesaid having. descended to me from my parents, I am desirous that it should be held by one of my children without division ; and as my son John is my oldest child, it appears to me more proper that it should be held by him than by either of my other children ; and as his greater age and the situation in which he has been placed has enabled him to devote more of his time to my business and to render me greater services in that way than either of his brothers had an opportunity of doing, I think it just to give him the whole of the house and farm, furniture and farming utensils, without making any deduction for them from his share of my estate, notwithstanding the same may exceed in value the pieces of land I have given my other children ; and I do therefore hereby give and devise to my said son John, and his heirs forever, my country house and farm called my homestead."

*S. Bartlett & D. Thaxter*, for the petitioners, contended that, until the death of the tenant for life, the person who was to take under the will, as the eldest male grandchild of the testator's father, bearing the name of Parker, could not be known or ascertained, and that a trustee should therefore be appointed.

*H. W. Paine & F. O. Prince*, for the respondent, contended that the respondent took a vested interest under the will, and that there were no contingent interests to be represented by a trustee.

GRAY, C. J.    The petition before us was presented to the judge of probate under the St. of 1874, *c.* 388, § 2, which provides that in any proceedings for the assessment of damages sustained by the laying out of highways or the construction of waterworks for a city or town, " when it shall appear that any interest is unrepresented by reason of any contingency or other cause by which the owner thereof is unknown or cannot then be ascertained, a guardian *ad litem* may be appointed by the tribunal wherein such proceedings are pending, to represent such interest, or the judge of probate for the county in which such proceedings are pending may, upon the petition of any party in interest, after such notice as he may order to all persons who, or whose issue unborn, may be or may become interested in such apportionment.

appoint a trustee, who, upon giving such bond as the judge of probate may require, shall represent such otherwise unrepresented interest, and shall receive, hold, manage and invest any sum which may be receivable on account of such interest in case of the apportionment aforesaid, for the benefit of the parties entitled to such interest, and shall pay the same over, principal and interest, to such parties whenever they become entitled thereto."

The appointment of this trustee is but a preliminary order with a view to secure a hearing in behalf of all possible interests in the matter to be tried. It is not an adjudication of title. The object and scope of the order are to designate a suitable person to represent those interests which are not now so vested that the owners thereof can come in to protect their own rights; not to require the nature and extent of those interests to be defined and determined in advance, and while the parties to whom such interests may belong or accrue are not before the court.

If the suggestion that there are or may be such interests appears, to the tribunal to which the application for such an appointment is made, to be frivolous or without reasonable grounds to support it, the application may properly be refused. But where, as in this case, there are reasonable grounds for such suggestion, a representative of those interests should be appointed, in order that, if and when it shall become necessary to adjudicate what those interests are, he may be heard upon all questions of law or fact involved in that adjudication.

For these reasons, without expressing any further opinion upon the question which has been argued at the bar, we are of opinion that the decree of the judge of probate must be reversed, and the petition granted.

That decree appears by the record to have been made *pro forma* and without argument, in accordance with a practice which is becoming much too common in the lower courts, and which tends to convert this court from an appellate tribunal, as contemplated by the statutes, into a court of original jurisdiction. If the judge of probate had performed his appropriate duty, of judicially hearing and considering the case, the parties and the court might have been spared an argument here upon a question which cannot, as now presented, be authoritatively determined.

*Trustee to be appointed.*