IN THE MATTER OF THE EASTERN RAILROAD COMPANY.
Samuel C. Lawrence, petitioner.

Suffolk.   June 20. — 21, 1876.   ENDICOTT & LORD, JJ., did not sit.

This court, under its general equity jurisdiction to enforce and regulate the execution of trusts, may appoint trustees to administer any lawful trust, although no express provision for such appointment is made by statute or by the instrument creating the trust.

The appointment of trustees under the St. of 1876, c. 236, to receive a mortgage to be made to them by the Eastern Railroad Company, as security for its certificates of indebtedness, and to perform the other duties required by that statute, may be made in the exercise of the equity jurisdiction of this court; and the trustees so appointed may be ordered at any time hereafter to report or account to the court, without any express provision to that effect in the statute or in the order of appointment.

PETITION by the president of the Eastern Railroad Company and a creditor thereof, for the appointment of trustees under the

St. of 1876, *c.* 236, the material provisions of which are stated in the opinion.

Hearing before *Ames,* J., who reserved, for the consideration of the full court, the question whether the appointment should be made.

*W. G. Russell, C. L. Woodbury & C. A. Welch,* in support of the petition.

Gray, C. J.    This court, under its general jurisdiction in equity to enforce and regulate the execution of trusts, may appoint trustees to administer any lawful trust, although no express provision as to such appointment is made by statute or by the instrument by which the trust is created.    Gen. Sts. *c.* 100, § 9 ; *c.* 113, § 2, *cl.* 2.    *Bowditch* v. *Banuelos,* 1 Gray, 220.    *Bailey* v. *Kilburn,* 10 Met. 176.    *Winslow* v. *Cummings,* 3 Cush. 358. The power of the court has not been limited to appointing trustees under trusts already existing ; but it has often been authorized, in cases of trusts which would not be complete until a trustee was appointed, to appoint trustees for the purpose of selling or conveying or holding and managing property.    Gen. Sts. *c.* 43, §§ 17, 18 ; *c.* 90, §§ 39, 41 ; *c.* 100, § 15.    *Felch* v. *Hooper,* 119 Mass. 52.    Sts. 1868, *c.* 287 ; 1869, *c.* 249; 1871, *c.* 322 ; 1874, *c.* 388.    *Parker* v. *Parker,* 118 Mass. 110.    The court has long been vested with, and has constantly exercised, the power, upon the dissolution of a corporation, or the expiration or annulling of its charter, to appoint trustees or receivers to take charge of its property, collect its debts and wind up its affairs. St. 1833, *c.* 145.    Rev. Sts. *c.* 44, § 8.    St. 1852, *c.* 55.    Gen. Sts. *c.* 68, § 37.    See also *Ellis* v. *Boston, Hartford & Erie Railroad,* 107 Mass. 1.

By the St. of 1876, *c.* 236, the Eastern Railroad Company is required to deliver certificates of indebtedness for all its existing debts ; and to execute a mortgage of all its franchises and property, present and future, to secure the same, to three trustees, to be appointed and removable by a justice of this court sitting in equity, and who are to issue such certificates to those creditors of the corporation whose claims shall be admitted by the trustees or be judicially ascertained.    §§ 1, 3, 4, 6–10.    The trustees are also authorized to assent to the sale by the corporation of such of its property as is not used or required in conducting its business, and

to the application of the proceeds to the discharge of liens and incumbrances and the payment of current expenses and other claims specified in the act; and, after six years, to receive and hold the proceeds of such sales, and the annual net earnings of the road, as a sinking fund for the redemption or purchase of the certificates of indebtedness. §§ 13, 14. Upon breach of condition of the mortgage, the trustees are authorized to enter upon and take possession of the mortgaged premises, and to operate the railroad, and to collect the income, and apply the same to the payment of expenses and of all charges allowable by a court of equity in the case of a receiver or trustee; and to foreclose the mortgage; and, after such foreclosure, to call and preside at a meeting of the holders of the certificates of indebtedness for the purpose of organizing a new corporation. §§ 15–17. Provision is made in § 12 for the appointment by the justices of this court of a new trustee to fill any vacancy; and by § 18 the compensation of the trustees is to be determined by this court.

Upon consideration, we are all of opinion that the nature of the duties of the trustees to be appointed under this statute is such that the appointment may be made by this court in the exercise of its general jurisdiction in equity; and that, as a necessary consequence, the trustees so appointed may be required at any time, upon the application of a party interested, to report or account to this court, without any express provision to that effect, either in the act of the Legislature or in the order appointing them.                         *Trustees to be appointed.*