GEORGE N. PAGE, Trustee, in Equity,

*vs.*

ABNER PAUL MARSTON, and others.

Somerset.    Opinion October 15, 1900.

*Will.    Trusts.    Duration.    Accounting.    R. S., c. 68, § 12.*

In giving judicial construction to wills the court seeks only to discover and give effect to the testator's intention as disclosed by the language of the will itself, viewed in the light of any avowed or manifest object of the testator.

A testator, by the residuary clause of his will, gave the residue of his estate to certain kindred in equal shares "provided that the share of [nephew] shall be held in trust by him for his son [grand-nephew] and that said [nephew] shall have full power to sell, convey and reinvest for the benefit of his said son during his minority on giving bonds as testamentary trustee." *Held;* that the trust terminated when the grand-nephew became twenty-one years of age.

Upon a bill of interpleader to obtain the construction of a will and the directions of the court as to the disposal of the trust property, certain creditors who had lent money to the cestui que trust during his minority, taking an assignment of his share in the estate as security, were made parties to the bill.

*Held;* that, as the creditors had begun suits at law to recover their loans and which were then pending, the validity of their claims must be determined in the actions at law; and that no question touching their rights in these actions can properly be considered in a bill of this character.

It is competent for this court sitting in equity, when all the parties interested are before it, to allow a trustee to make a final settlement of his account, he having asked in his bill to be allowed to do so, although he was appointed trustee by the probate court and gave bond as such to that court.

ON REPORT.

Bill in equity, heard on bill and answers, to obtain the construction by the court of the residuary clause of the will of the late

Abner Coburn; also to obtain the directions of the court respecting the termination of the trust contained therein, and for the protection of the trustee in the disposal of the trust property.

The case appears in the opinion.

*S. J. and L. L. Walton; Turner Buswell,* for plaintiff.

*D. D. Stewart,* argued for Alonzo C. Marston.

*E. N. Merrill,* for Kocher and others, creditors.

*H. V. Morehouse,* for Abner Paul Marston.

*Geo. E. Whitaker,* for Sisson, creditor.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WHITEHOUSE, J.    This is a bill in equity brought by the plaintiff as trustee, under the will of Abner Coburn, for the purpose of obtaining a construction of that clause of the will creating the trust, and an authoritative declaration respecting the termination of the trust, and the manner in which it shall be executed in order to accomplish its purpose and protect the trustee in the disposal of the property in his hands.

The clause of the will in question is as follows: " The residue of my estate of whatever kind and wherever situated I give and devise to my kindred as follows; viz: to the children of my deceased sister Eliza C. Marston; to the children of my deceased brother Samuel W. Coburn; and the children of my deceased brother Stephen Coburn, in equal parts, provided that the share of Alonzo C. Marston shall be held in trust by him for his son Abner Paul Marston and that said Alonzo C. Marston shall have full power to sell, convey and reinvest for the benefit of his said son during his minority on giving bonds as testamentary trustee."

Alonzo C. Marston declined to accept the trust, and thereupon the plaintiff, George N. Page, was duly appointed trustee for Abner Paul Marston under the above clause in the will by the probate court of Somerset county, and promptly entered upon the discharge of his duties. Abner Paul Marston became twenty-one years of

age on the 4th day of October, 1899, and the plaintiff seeks to have the court decree whether the trust should terminate at that time, or if not when, and upon what contingency it should terminate, and asks that his doings as trustee in selling and contracting to sell certain parcels of real estate belonging to the trust, and in making payments and expenditures for the benefit of his cestui que trust, may be confirmed.

The separate answers of Joseph H. Sisson and John R. Kocher, and the joint answer of Lillie E. Kocher and Elise Smout, defendants, respectively, state that Abner Paul Marston, before reaching his majority, made an assignment to Sisson of his interest in the estate of Abner Coburn to secure a loan of $8060, a second assignment to Kocher to secure a loan of $8500, and a third assignment to Kocher and Smout to secure a loan of $17,000; and all contend that the trust terminated when Abner Paul Marston attained the the age of twenty-one years, and that he then became entitled to receive all of the property held in trust for him by the plaintiff.

The answer of Alonzo C. Marston and Abner Paul Marston, the other defendants, states that since Abner Paul became twenty-one years of age, and since the filing of the plaintiff's bill, viz: on the 25th day of January, 1900, they agreed in writing between themselves upon a full settlement and division of all of the property devised and bequeathed by the will in question to Alonzo C. and Abner Paul Marston, or either of them, and in the possession and control of the plaintiff, and made a joint conveyance of the entire property to George H. Collins of Alameda county, California, in trust for their use and benefit; that George H. Collins is, therefore, now authorized to receive the entire property from the plaintiff, and that the answers of the other defendants preferring claims against the property under the assignments made by Abner Paul during his minority present no question properly cognizable by this court in this proceeding. They accordingly ask that, upon a full settlement of the plaintiff's account as trustee, he be ordered to convey and pay over to George H. Collins all of the property so devised and bequeathed to them by Abner Coburn.

After the filing of the last named answer, George H. Collins

presented a petition asking that he be allowed to intervene and become a party defendant and adopt as his own the answer of Alonzo C. and Abner Paul Marston. His petition was granted and Geo. H. Collins has duly entered his appearance as a party defendant.

It is evident that the validity of the claims preferred by the defendants above named, who made loans to Alonzo Paul Marston and accepted assignments from him as security before he became of age, must be determined in the actions therefor now pending in a court of law, and that no question touching the right of the parties in the subject matter of these actions can properly be considered in this bill in equity brought to obtain a construction of the will and a settlement of the trustee's accounts; for it is conceded by all parties that, under the terms of the will, all of the property in question was to be held in trust during the minority of Abner Paul Marston. But it is claimed in behalf of the defendants that it was not to be held in trust after he became of age. It is contended that the clause in the will above quoted should be construed as if written as follows, viz: "provided that the share of Alonzo C. Marston shall be held in trust for his son Abner Paul Marston . . `. . during his minority," and "that said Alonzo C. Marston shall have power to sell, convey and reinvest for the benefit of his said son," during his minority.

It must not be forgotten that, in giving a judicial construction to a will, the court is only seeking to discover and give effect to the intention of the testator as disclosed by the language of the will itself, viewed in the light of any avowed or manifest object of the testator.

The language of the will here in question is clearly susceptible of the meaning contended for by the defendants, as illustrated above, by transposing the different parts of the sentence creating the trust. It is by no means an extraordinary grammatical construction to make two clauses of a sentence subject to the modification of a single adverbial phrase. The testator evidently intended to provide that Alonzo should hold his share only in trust for his son, and reinvest it for his benefit, during his minority. The sug-

gestion of a trust during the lifetime of the son is not justified
either by the language of the special clause in question or by any
circumstances disclosed by the will. At the time Abner Coburn
made this will, Abner Paul Marston, his namesake, was a child of
tender years. He had developed no characteristics from which it
could be anticipated that he would not be entirely competent to
manage his own affairs when he reached the period of maturity
and discretion. This was an express, active trust in which, by the
terms of the will creating it, the trustee was charged with the per-
formance of active and responsible duties with respect to the con-
trol, management and disposition of the trust property for the
benefit of his son; but there seems to be no sufficient ground for
its continuance beyond the limitation named in the will. It would
appear to have been the intention of the testator that the "share of
Alonzo C. Marston" should become the absolute property of the
son at the expiration of the trust, although it must be admitted
that this intention was obscurely and inadequately expressed; but
whatever his purpose may have been in regard to the respective
interests of father and son in this "share," it was undoubtedly
intended to be held and enjoyed by one or both of them absolutely
after the expiration of the trust; and they have since, by written
agreement between themselves, settled the question of the propor-
tion or estate to be enjoyed by each, and joined in a deed convey-
ing the entire trust property to a new trustee.

.Although the plaintiff was appointed trustee by the probate
court of Somerset county and gave bond as such to that court, he
asks in his bill not only for a construction of the will and for
directions in regard to the execution of the trust, but also for a
settlement of his account as trustee; and inasmuch as all persons
interested are now before the court as parties to this bill, it seems
advisable to allow the plaintiff to make a final settlement of his
account in the equity court. See R. S., ch. 68, § 12; Pom. Eq.
Jur. §§ 1063, 1064, 1421. It seems also, as stated by Mr. Perry
in his work on Trusts, "to be a reasonable requirement, on the part
of the trustee, when he parts with the fund and the muniments of
title, and in some sort, with the means of defense, that he should

be secured against future litigation. . . . . Therefore it is usual, upon final settlement and transfer of the trust property to the parties entitled, to discharge the trustee by a formal release of all claims, executed by all the cestuis que trustent who are sui juris." 2 Perry on Trusts, § 922.

A decree is, therefore, to be entered that the bill be sustained; that the plaintiff be authorized and directed to present to this court held by a single justice, an itemized account of all his receipts and expenditures, and charges for compensation as trustee of Abner Paul Marston, with a full statement of all his doings in the administration of that trust, that the same may be examined either by such justice or by a master to be appointed for that purpose, with a view to the final settlement and confirmation of the same; that when such accounts shall have been approved and allowed and all the doings, contracts and conveyances of the plaintiff as such trustee shall have been confirmed by the court, upon the execution and delivery to the plaintiff of a sufficient release, signed by Abner Paul Marston and George H. Collins of all claims against him as trustee and discharging him from all further liability on account of such trust, the plaintiff shall convey, transfer and deliver to George H. Collins, the grantee and trustee hereinbefore named of Alonzo C. and Abner Paul Marston, all of the property and fund belonging to this trust remaining in his hands and possession; and that thereupon the trust be declared terminated and the plaintiff discharged from all further responsibility thereunder, except for the execution of deeds of conveyance of any portion of the trust property which he may have become bound to deliver by virtue of contracts that shall have been confirmed by the court.

*Decree accordingly.*