In Equity.

JOHN L. HERRICK *vs.* CLARENCE E. Low et als.

Opinion.    December 20, 1907.

*Wills.   Construction.   Trust.   Appointment of Trustee.   Widow.   Heirs.*

A testator's will contained, among other things, the following paragraph :

" I will that John L. Herrick shall have the rent of my farm free of cost for
the term of ten years for paying the taxes.   This is for improvement that
he has made and will make before my decease.   The said John L. Herrick
shall have the privilege of purchasing the farm at the end of ten years for
$1000 ; and at the end of ten years from my decease, I will that the farm
or the $1000, if sold, shall be divided one half to my brother Benjamin E.
Low and his heirs ; and the other half equally divided between Evans A.
Lamson, Addie E. Ames and John L. Herrick and their heirs."

The said term of ten years having expired and the executor named in said
will having died before the expiration of said term, and no person having
succeeded to said trust and the said Benjamin E. Low having died leaving
a son and a daughter as his only heirs and the said Evans A. Lamson hav-
ing died without issue leaving a widow, and one sister as his only heir.
*Held:*  1.   That a trust was created by the aforesaid paragraph of said will.
2.   That the executor having died, it is unnecessary to decide whether or
not he could have acted as trustee in the premises.   3.   That as a trust
should not fail for want of a trustee, the case should be remanded for
the appointment of a trustee to carry into effect the provisions of said
paragraph.   4.   That the widow of the said Evans A. Lamson was
neither a donee under the will nor a heir of any of those named therein.

In equity.   On report.   Decree in accordance with opinion.

Bill in equity brought by the plaintiff John L. Herrick of
Charleston, in the County of Penobscot, against Clarence E. Low
of Madison, Lake County, South Dakota, Cora V. Mitchell of
Avoca, Murray County, Minnesota, Addie E. Ames of Bradford,
and Nancy L. Lamson of Charleston both in said Penobscot County,
asking for the construction of paragraph three, clause two of the
will of Nancy L. Bridgham late of said Charleston.

This cause came on to be heard on bill and answers at the April
term, 1907, of the Supreme Judicial Court, Penobscot County, and

it appearing to the Justice presiding that questions of law were involved of sufficient importance and doubt to justify the same, and by consent of the parties, the cause was reported to the Law Court, for hearing and decision.

The case appears in the opinion.

*C. A. Bailey*, for plaintiff.

*A. L. Blanchard*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, JJ.

SPEAR, J. This is a bill in equity asking for the construction of paragraph three, clause two of the will of Nancy L. Bridgham late of Charleston in the County of Penobscot, to wit:

"I will that John L. Herrick shall have the rent of my farm free of cost for the term of ten years for paying the taxes. This is for improvement that he has made and will make before my decease. The said John L. Herrick shall have the privilege of purchasing the farm at the end of ten years for $1000; and at the end of ten years from my decease, I will that the farm or the $1000, if sold, shall be divided one half to my brother Benjamin E. Low and his heirs; and the other half equally divided between Evans A. Lamson, Addie E. Ames and John L. Herrick and their heirs."

The term of ten years for which the plaintiff was to have the free use and occupancy of said farm by paying the taxes aforesaid, expired Jan. 3, 1907, and the plaintiff in the exercise of the right given him by the will then claimed and now claims the privilege of purchasing the farm as specified in the will, and was then ready and has ever since been and is now ready to pay said sum for the conveyance in fee of the same. The executor named in the will was duly appointed and qualified and entered upon the discharge of his duties, but died April 19, 1906, and no person has succeeded to said trust. The persons named in the will among whom the said $1000 is to be divided when paid, Benjamin E. Low, designated to receive one half, has deceased, leaving as his only heirs, a son Clarence E. Low and a daughter Cora V. Mitchell; Evans A. Lamson designated to receive one sixth has also deceased without issue,

leaving a widow Nancy L. Lamson named as a respondent herein and as his only heir a sister Addie E. Ames who also is designated to take one sixth in her own right; and the plaintiff John L. Herrick by name, is designated to receive the remaining one sixth.

By the terms of the will, no person is appointed to make a conveyance of the farm and distribute the money received therefor, and the plaintiff avers that he is in doubt as to whom he should pay the $1000 and by whom the conveyance should be made that will transfer the title to him, wherefore he prays that the court will construe and interpret the provisions of said will and particularly the clause set forth in the second paragraph of the bill which is the clause above quoted. And also determine whether Nancy L. Lamson widow of Evans A. Lamson, is entitled by descent to any part of said estate.

Upon the above state of facts the court are of the opinion that a trust was intended to be created by the clause of the will above quoted and that the trustee, whether he be the executor by virtue of his office or some person specially appointed, should have authority to execute and deliver a sufficient deed of the farm mentioned, to John L. Herrick, and also to receive and divide among the parties entitled thereto, the $1000 to be paid therefor.

The executor of the will having deceased, it now becomes unnecessary to decide whether he could have acted as trustee in the premises. As a trust should not fail for want of a trustee the case should now be remanded for the appointment of a trustee to carry into execution the provisions of paragraph three, clause two, of the will.

The court are also of the opinion that Nancy L. Lamson, widow of Evans A. Lamson, is not entitled by descent to any part of said estate. It is clear from the clause of the will under consideration that the testatrix intended that the proceeds of the sale of the farm should be divided among the persons therein named or their heirs. Nancy L. Lamson was neither a donee under the will, nor an heir of any of those named. *Golder* v. *Golder,* 95 Maine, 259.

*Decree in accordance with this opinion.*