## JOSEPH A. BRACKENBURY, et al.

### *vs.*

## SARAH D. P. HODGKIN, et al.

Androscoggin.    Opinion October 27, 1917.

*Courts of equity.    Jurisdiction over trusts.    Unilateral contracts; how same may be accepted and completed.    Appeal in equity from finding of sitting Justice.    Creation of equitable trust.    Power of court in equity to grant relief in cases of trust.*

In a bill in equity brought to enforce the plaintiffs' equitable interest in certain real estate the sitting Justice sustained the bill.   Upon defendants' appeal it is

*Held:*

1   That a valid contract was made between the parties, whereby the plaintiffs were to care for the defendant Sarah, during her life and to have the homestead at her decease.

2.   That an equitable interest was thereby created in favor of the plaintiffs.

3.   That there has been no breach of contract on the part of the plaintiffs.

4.   That the court in equity is given special statutory jurisdiction to grant relief in cases of trusts, and the plaintiffs are entitled to the remedy here sought.

Bill in equity.   Defendants each filed a demurrer and answer. Cause was heard before presiding Justice, from whose findings and decree an appeal to Law Court was taken by defendant.   Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiffs.

*Benjamin L. Berman, and Jacob H. Berman,* for defendants.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

CORNISH, C. J.   The defendant, Mrs. Sarah D. P. Hodgkin, on the eighth day of February, 1915, was the owner of certain real estate, her home farm, situated in the outskirts of Lewiston. She was a widow and was living alone.   She was the mother of six adult children, five sons, one of whom, Walter, is the co-defendant, and one daughter, who is the co-plaintiff.   The plaintiffs were then residing in Independence, Missouri.   Many letters had passed between mother and daughter concerning the daughter and her husband returning to the old home and taking care of the mother, and finally, on February 8, 1915, the mother sent a letter to the daughter and her husband which is the foundation of this bill in equity.   In this letter she made a definite proposal, the substance of which was that if the Brackenburys would move to Lewiston, and maintain and care for Mrs. Hodgkin on the home place during her life, and pay the moving expenses, they were to have the use and income of the premises, together with the use of the household goods, with certain exceptions, Mrs. Hodgkin to have what rooms she might need.   The letter closed, by way of postscript, with the words: "you to have the place when I have passed away."

Relying upon this offer, which was neither withdrawn nor modified, and in acceptance thereof, the plaintiffs moved from Missouri to Maine late in April, 1915, went upon the premises described and entered upon the performance of the contract.   Trouble developed after a few weeks and the relations between the parties grew most disagreeable.   The mother brought two suits against her son-in-law on trifling matters and finally ordered the plaintiffs from the place but they refused to leave.   Then on November 7, 1916, she executed and delivered to her son, Walter C. Hodgkin, a deed of the premises, reserving a life estate in herself.   Walter, however, was not a bona fide purchaser for value without notice but took the deed with full knowledge of the agreement between the parties and for the sole purpose of evicting the plaintiffs.   On the very day the deed was executed he served a notice to quit upon Mr. Brackenbury, as pre-

liminary to an action of forcible entry and detainer which was brought on November 13, 1916. This bill in-equity was brought by the plaintiffs to secure a reconveyance of the farm from Walter to his mother, to restrain and enjoin Walter from further prosecuting his action of forcible entry and detainer and to obtain an adjudication that the mother holds the legal title impressed with a trust in favor of the plaintiffs in accordance with their contract.

The sitting Justice made an elaborate and carefully considered finding of facts and signed a decree, sustaining the bill with costs against Walter C. Hodgkin and granting the relief prayed for. The case is before the Law Court on the defendants' appeal from this decree.

Four main issues are raised.

1. As to the completion and existence of a valid contract.

A legal and binding contract is clearly proven. The offer on the part of the mother was in writing and its terms cannot successfully be disputed. There was no need that it be accepted in words nor that a counter promise on the part of the plaintiffs be made. The offer was the basis, not of a bilateral contract, requiring a reciprocal promise, a promise for a promise, but of a unilateral contract requiring an act for a promise. "In the latter case the only acceptance of the offer that is necessary is the performance of the act. In other words the promise becomes binding when the act is performed." 6 R. C. L., 607. This is elementary law.

The plaintiffs here accepted the offer by moving from Missouri to the mother's farm in Lewiston and entering upon the performance of the specified acts, and they have continued performance since that time so far as they have been permitted by the mother to do so. The existence of a completed and valid contract is clear.

2. The creation of an equitable interest.

This contract between the parties, the performance of which was entered upon by the plaintiffs, created an equitable interest in the land described in the bill in favor of the plaintiffs. The letter of February 8, 1915, signed by the mother, answered the statutory requirement that "there can be no trust concerning lands, except trusts arising or resulting by implication of law, unless created or declared by some writing signed by the party or his attorney." R. S. (1903), Chap. 75, Sec. 14. No particular formality need be observed; a letter or other memorandum is sufficient to establish a trust provided its terms and the relations of the parties to it appear

with reasonable certainty.   *Bates* v. *Hurd*, 65 Maine, 181; *McClellan*
v. *McClellan*, 65 Maine, 500.   The equitable interest of the plaintiffs
in these premises is obvious and they are entitled to have that interest
protected.

3.   Alleged breach of duty on the part of the plaintiffs.

The defendants contend that, granting an equitable estate has been
established, the plaintiffs have failed of performance because of their
improper and unkind treatment of Mrs. Hodgkin, and therefore have
forfeited the right to equitable relief which they might otherwise be
entitled to.   The sitting Justice decided this question of fact in favor
of the plaintiffs and his finding is fully warranted by the evidence.
Mrs. Hodgkin's temperament and disposition, not only as described
in the testimony of others but as revealed in her own attitude, con-
duct and testimony as a witness, as they stand out on the printed
record, mark her as the provoking cause in the various family diffi-
culties.   She was "the one primarily at fault."

4.   Adequate relief at law.

The defendants finally invoke the familiar rule that the plaintiffs
have a plain and adequate remedy at law and therefore cannot ask
relief in equity.

The answer to this proposition is that this rule does not apply when
the court has been given full equity jurisdiction or has been given
special statutory jurisdiction covering the case.   *Brown* v. *Kimball
Co.*, 84 Maine, 492; *Farnsworth* v. *Whiting*, 104 Maine, 488; *Trask*
v. *Chase*, 107 Maine, 137.   The court in equity in this State is given
special statutory jurisdiction to grant relief in cases of trusts, R. S.,
(1903), Chap. 79, Sec. 6, paragraph IV, and therefore the exception
and not the rule must govern here.

The plaintiffs are entitled to the remedy here sought and the entry
must be,

> *Appeal dismissed.*
> *Decree of sitting Justice affirmed
> with costs against Walter C.
> Hodgkin.*