HELEN A. E. CAVERLY, pro ami, In Equity,

*vs.*

LIZZIE M. SMALL, et als.

Androscoggin.    Opinion October 5, 1920.

*An appeal in equity.    Indispensable essentials required in Appellate Court.*

Appeal from final decree accepting and confirming the report of a special master.
*Held:*

1   As a matter of equity practice the appeal should be dismissed because the case as reported does not contain the evidence. An appeal in equity like a general motion in an action at law carries with it all the evidence in the case.

2.   As a matter of equitable right the bill was properly brought and the remedy sought was appropriate. A multiplicity of suits has been avoided and the rights of all parties have been fully determined and protected.

Bill in equity to determine and ascertain the amount of the estate of Amos P. Foster which remained, at the death of Mary A. Foster,

his widow, who had a life estate in the whole estate under the provisions of his will, unexpended by her for her care, comfort and support. The cause was heard upon bill, answers, replication and proof. A master was appointed. From the finding of the Justice in favor of plaintiff an appeal was taken by defendants.

Appeal dismissed with costs. Decree of sitting Justice affirmed. Case stated in opinion.

*Tascus Atwood*, for plaintiff.

*Albert E. Verrill*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

CORNISH, C. J. Appeal in equity. The facts upon which the bill rests are these.

One Amos P. Foster, late of Auburn, died on March 26, 1913, leaving a will by the terms of which, after the payment of debts and funeral expenses, all his property was devised and bequeathed to his wife, Mary A. Foster, "during her life." Then followed this provision: "It is my intention and desire that my said wife shall hold and use to her benefit all the property real, personal and mixed owned by me at my decease, during her life the same as if absolutely hers, and at her death whatsoever of my estate may then be left, I give, bequeath and devise to my wife's niece, namely, Helen Annie Elizabeth Caverly, her heirs and assigns forever," etc. In the fourth paragraph he still further expressed his intention by this clause: "I wish it distinctly understood that I place no restrictions upon my said wife, Mary A. Foster, in regard to use of my said estate, desiring and intending and I direct that she shall use and expend every dollar of the same if necessary for her care, comfort and support and may give good and sufficient deeds for that purpose."

The wife was nominated as executrix in the will and was subsequently appointed and qualified. She afterwards filed an inventory showing real estate of the value of $1800 and goods and chattels amounting to $324.75, but filed no account. She subsequently sold the real estate and deposited the proceeds in the First National Bank of Auburn, the predecessor of the First Auburn Trust Company.

On October 3, 1917, Mrs. Foster died testate, bequeathing all her property, after the payment of debts and expenses, to Lizzie M.

Small, one of the defendants, and nominating George C. Webber, another of the defendants, as executor, and he was duly appointed.

The bill as amended alleges that there were deposits in various other savings institutions at the time of the death of Amos P. Foster, standing in his name or in the name of "A. P. Foster or Mary A. Foster," all of which formed a part of his estate, and the plaintiff prays for a determination of the ownership of said several sums, and further for an accounting of the estate of Amos P. Foster that came into the hands and possession of Mary A. Foster, in order to ascertain the balance thereof left at her decease, which balance under the terms of his will the plaintiff claims as belonging to her.

The answer of Lizzie M. Small, the sole beneficiary under the will of Mrs. Foster, in effect alleges that all the property coming into the hands of Mrs. Foster from her husband's estate was properly and legitimately used and consumed by her and the remainder was thereby defeated so that there is nothing belonging to the plaintiff.

The answer of the executor of Mrs. Foster to the amended bill also raises the question as to the proper construction of the entries on the books of the various institutions covering these joint accounts.

The sitting Justice sustained the bill and referred the cause to a special master to determine and report among other facts the amount of the estate of Mr. Foster that came into the possession of his wife as tenant for life, and the balance thereof that remained at her decease unexpended by her for her care, comfort and support, and in connection therewith the ownership of the deposits in the various savings institutions, whether in their joint or several names. The special master made an elaborate and detailed report on every feature of the case, to which no objections were filed. The sitting Justice then entered a final decree accepting and confirming the report of the special master, with the exception of an inadvertent statement which was corrected in the decree, and ordered that certain amounts on deposit in the institutions named be paid to the plaintiff as her property under the will of Amos P. Foster.

To this final decree the defendants, Small and Webber, seasonably filed their appeal and on this appeal the case is now before the Law Court.

As a matter of equity practice the appeal should be dismissed. An appeal opens the entire case for rehearing on both law and facts and "requires the transmission to the Law Court of copies of all the

pleadings, orders and evidence." *Emery* v. *Bradley*, 88 *Maine*, 357. Copies of the pleadings, master's report and decrees are before us, but not one word of the evidence taken out before the sitting Justice and on which his decrees were based. The defendants now claim that the bill cannot be maintained until further action is taken in the Probate Court. That raises a question of law which could be presented on exceptions, and would require but a small portion perhaps of the evidence. No exceptions however were filed. Instead an appeal was taken, and an appeal in equity, like a general motion for new trial in an action at law, carries with it necessarily all the evidence in the case. *Redman* v. *Hurley*, 89 Maine, 428. Its absence is ground for dismissal.

It might be added however that the remedy sought here was appropriate. The gist of the case is the trusteeship of the wife in connection with the property which came to her from her husband's estate, under the proper construction of the husband's will, and the court in equity is given full jurisdiction in all cases involving trusts. Morever the character of the entry of the deposits in the various banks raised several questions as to title, as between the claims of the two estates, and bills of interpleader might have been brought by these institutions to determine these questions. The equitable process brought here has served to determine all those questions, thereby avoiding a multiplicity of suits, and the rights of all parties have been fully protected.

The entry must be,

> *Appeal dismissed with costs.*
> *Decree of sitting Justice affirmed.*