190

EASTERN MAINE GENERAL HOSPITAL ET AL.,
IN EQUITY

*vs.*

WILLIAM STODDER HARRISON ET AL.

Penobscot.    Opinion, July 13, 1937.

*George F. Eaton,* for plaintiffs.
*Harold H. Murchie,*
*James E. Mitchell,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The only problem the report presents is the determination whether the Superior Court in equity may appoint a successor testamentary trustee, where the will of the testator neither confers authority, nor provides a method to be pursued to fill a vacancy. If that court has such power, the propriety of its exercise is not here involved.

James C. Stodder, late of Bangor, Maine, died March 6, 1917, testate. The probate court of original jurisdiction over the subject matter of the settlement of the estate of the decedent took proof, and allowed his last will. The will created a trust which attached; testator's widow, who is still living, is beneficiary for life; there is gift over. The property of the trust is worth around $1,000,000.

The three trustees the will named, the Probate·Court duly confirmed. They accepted the trust, and in May, 1917, on letters issuing, entered upon the discharge of their duties.

Seven years later, one of the trustees (testator's brother) died. On petition of the testator's widow, as beneficiary, and of the surviving trustees, she being one, the Probate Court, after notice by publication, and hearing, appointed the Eastern Trust & Banking Company a trustee in succession. That company has since acted in such capacity.

Hugh R. Chaplin, Esquire, another of the trustees nominated in the will, is now deceased; his death occurred on September 22, 1935.

Mrs. Stodder, as beneficiary and as trustee, and all other persons and institutions having any vested rights in the trust estate, have joined as plaintiffs in the present bill. They ask that, to maintain the number of trustees the will prescribes, Edgar M. Simpson, Esquire, be of that personnel, in the place of Mr. Chaplin.

Children of some of the plaintiffs are made defendants. They, being minors, are represented by a guardian ad litem.

The Eastern Trust & Banking Company, trustee, is the only other defendant.

The report stipulates, in sum, that if, "on this record," the Superior Court may not take cognizance of the bill and appoint a trustee, the bill shall be dismissed; otherwise, the case is to be sent back for further proceedings.

The record comprises the bill, answer, decree appointing and admitting the guardian ad litem, replication, report of the guardian, sundry exhibits, and transcript of the oral evidence.

Testimony goes to reinforce allegations in the bill, that, (a) the objects of the trust are not yet accomplished; (b) there is desirability of selection, by the Superior Court, under statutory provision, of a new trustee.

Ordinarily, courts of probate take jurisprudence in these matters. *Huston* v. *Dodge*, 111 Me., 246, 255, 88 A., 888. Authority so to do was first conferred by Public Laws of 1821, Chapter 51, Section 61.

The provision was carried forward, as of the body of the law, in the 1840 revision of the statutes, and that of 1857. R. S. 1840, Chap. 111, Sec. 7 ; R. S. 1857, Chap. 68, Sec. 5. Likewise, in R. S. 1871, Chap. 68, Sec. 5.

In the revision of 1883, Chapter 68, Section 5, the 1871 section just cited, is replaced by Public Laws of 1878, Chapter 8.

Section 1 of that chapter reads as follows :

> "When a trustee under a written instrument, declines, resigns, dies, or is removed, before the objects thereof are accomplished, if no adequate provision is made therein for supplying the vacancy, the probate court or supreme judicial court shall, after notice to all persons interested, appoint a new trustee to act alone or jointly with the others, as the case may be. Such new trustee, upon giving bonds and security required, shall have and exercise the same powers, rights and duties, whether as a sole or joint trustee, as if he had been originally appointed, and the trust estate shall vest in him in like manner as it had or would have vested in the trustee in whose place he is substituted."

Such legislation has been re-enacted, without essential change, in the revisions of 1903 and 1916. R. S. 1903, Chap. 70, Sec. 17 ; R. S. 1916, Chap. 73, Sec. 18. In 1930, "Superior Court" was substituted for "Supreme Judicial Court." R. S. 1930, Chap. 82, Sec. 18.

Jurisdictional rights, specifically provided by statute to the probate court, as a distinct tribunal for the administration of the estates of men dying either with or without wills, are not of relation to the instant question.

A will is, within the meaning of the 1878 statute (now in R. S. 1930, Chapter 82, Section 18,) extended above, a written instrument. *Huston* v. *Dodge*, supra.

Legislation in Massachusetts (Massachusetts General Laws, 1860, Chapter 100, Section 9,) from which our own was taken, has,

in supplying testamentary trustees, on information in equity, been regarded as the foundation of proceedings. *Attorney General* v. *Barbour*, 121 Mass., 568.

The Maine court, as a court of equity, has appointed trustees. In *Pillsbury* v. *European & North American Railway Company*, 69 Maine, 394, vacancy under a deed of trust was filled. Judge Appleton, delivering the opinion, said that "the cumberous proceedings of a bill are rendered unnecessary by the provisions of our statute."

*Inhabitants of Anson et al., Petrs.*, 85 Me., 79, 26 A., 996, which mentions the very statute, had to do with choosing a new trustee under a railroad mortgage.

In *Huston* v. *Dodge*, supra, the Law Court, that is, the Supreme Judicial Court, *in banco*, construing the statute, after pointing the empowerment of the Probate Court, states explicitly that, in proper cases, the Supreme Judicial Court will appoint testamentary trustees. The Superior Court now occupies the statutory space wherein the Supreme Judicial Court had been designated. R. S. 1930, *supra*.

Statutes have conferred upon the Superior Court a general jurisdiction in equity, coextensive with that of the Supreme Judicial Court. Original powers are concurrently exercised by justices of these common-law courts, according to the usage and practice in chancery. R. S. 1930, Chap. 91, Sec. 35, 36. Concurrent jurisdiction means joint and equal jurisdiction. *State* v. *Sinnott*, 89 Me., 41, 35 A., 1007. In cases of trusts, authority is specifically given. R. S., *supra*, (Sec. 36, sub-paragraph IV) ; *Brackenbury* v. *Hodgkin*, 116 Me., 399, 102 A., 106 ; *Caverly* v. *Small*, 119 Me., 291, 111 A., 300.

The rule which limits courts of equity to cases where there is no adequate remedy at law, does not, speaking generally, apply to trusts, as there equity has a natural and primary office, superadded to any legal rights. *McCampbell* v. *Brown*, 48 Fed., 795 ; *First Congregational Society* v. *Trustees*, 23 Pick., 148.

Equitable jurisdiction, a succinctly worded headnote says, does not depend upon the want of a common-law remedy, for, while there may be such a remedy, it may be inadequate to meet all the requirements of a given case, or to effect complete justice between the contending parties. The granting of relief must often depend upon the

sound discretion of the court. *Appeal of Brush Electric Co.*, 114 Pa., 574, 7 A., 794.

Judicial tribunals clothed with full equity powers comprehend trusts in the largest and most general sense of the word, whether they are express or implied, direct or constructive, created by the parties or resulting by operation of law. Story, Commentaries, (13th ed.,) Secs. 75, 960.

The enforcement of trusts, their execution, the appointment and removal of trustees, is inherent to courts of equity. *Herrick* v. *Snow*, 94 Me., 310, 313, 47 A., 540.

The leading texts, practice books, the manuals, such as Corpus Juris, all concur the law is well settled that a court of equity may, on application of persons interested, adjudicate questions relative to trusts. Bispham's Principles of Equity (8th ed.) 214; White-house, Equity Practice, (1900), 105; 65 C. J., 1011.

Matters of trusts or confidences are peculiarly cognizable. One example will suffice to explain. The common law could not perceive a trustee, in the possession of trust property, in any other than the light of personal benefit; but equity, as a branch of remedial justice, seeing purpose and regarding it, and insisting fiduciary obligation, compels performance of trusts.

Jurisdiction is exclusive, except in so far as a court of law may, by statute, be empowered. 65 C. J., 1012.

A court may, under its broad equity panoply, appoint trustees to administer any lawful trust, absent statute, and though the trust instrument itself is, in such connection, silent. In re Eastern Railroad, 120 Mass., 412.

The Maine equity court has, at need, employed this department of the State's jurisprudential system.

"We have jurisdiction as a court of equity, of all cases of trusts." *Tappan* v. *Deblois*, 45 Me., 122, 131.

A bequest, to charitable uses, to an unincorporated society, named the society as trustee. The question raised was if the association, which, after the death of the testator, had been formed into a corporation, might execute the trust. The court constituted the corporate body trustee. *Preachers' Aid Society* v. *Rich*, 45 Me., 552.

A testator made a bequest to aid in the erection of a house of re-

ligious worship. The will was construed as creating a trust; effectuation was ordered by a trustee whose appointment should be, not in the probate court where the will had been allowed, but by a justice, sitting singly. *Nason* v. *First Church*, 66 Me., 100.

A trustee, although he was appointed by the Probate Court, and gave bond to that court, was allowed to make settlement of his account in the Supreme Judicial Court, in equity. *Page. Trustee* v. *Marston*, 94 Me., 342, 47 A., 529. See, also, R. S., (1930), Chap. 82, Sec. 11.

Without expressly naming a trustee, a will created an express trust of real and personal property. The case was remanded, for the appointment of a trustee, to the equitable forum of its origin. *Herrick* v. *Low*, 103 Me., 353, 69 A., 314.

"We find no insurmountable impediment in the way of designating . . . joint trustees . . . ." *Dupont* v. *Pelletier*, 120 Me., 114, 119, 113 A., 11, 13.

Cases elsewhere support the right of general equity courts to name a successor trustee, and to vest him with title and authority to execute the trust. *Ex Parte O'Brien*, 11 R. I., 419; *Griswold* v. *Sackett*, 21 R. I., 206, 42 A., 868; *Montpelier* v. *East Montpelier*, 29 Vt., 12; *Weiland* v. *Townsend*, 33 N. J. E., 393; *French* v. *Northern Trust Co.*, 197 Ill., 30, 64 N. E., 105; *Estate of Upham*, 127 Cal., 90, 59 P., 315; *Griffith* v. *State*, 2 Del. Ch., 421.

It is no sufficient answer to say that, because the statute has vested in the probate court jurisdiction to appoint trustees, equity courts of the same sovereignty are, as a consequence, shorn of ancient function. *Bowditch* v. *Banuelos*, 1 Gray, 220, 229. In the words of an old rhyme, the best hint that could be given as to the extent of the equity court's inclusion was "fraud, accident and breach of confidence." Maitland, Equity: Chafee and Simpson, Cases on Equity, Vol. 1, Page 6.

In New York, the surrogate's court seems to have concurrent right in such cases. *Royce* v. *Adams*, 123 N. Y., 402, 25 N. E., 386. In Maryland, the orphans' court also has authority to fill such vacancies. *Noble* v. *Birnie*, 105 Md., 73, 65 A., 823. And see *Zabriskie's Exrs.* v. *Wetmore*, 26 N. J. E., 18.

That the probate judge might, subject to review on appeal, have determined whether, a legatee having died, his heirs took, by substi-

tution, did not preclude construction, in another court, of the will of the testator. "The remedies," said Deasy, J., "are to a certain degree concurrent." *Strout* v. *Chesley*, 125 Me., 171, 178, 132 A., 211, 214.

The Probate Court, in virtue of having, relative to Mr. Stodder's trust estate, appointed one successor trustee, and examined and allowed accounts, did not acquire exclusive jurisdiction to make all future trustee appointments. In re Llado's Estate, 100 N. Y. S., 495; *Bowditch* v. *Banuelos*, supra; *Attorney General* v. *Barbour*, supra; *Preachers' Aid Society* v. *Rich*, supra; *Nason* v. *First Church*, supra; *Herrick* v. *Low*, supra.

It will be convenient in this place to recite that, in *Attorney General* v. *Barbour*, supra, the opinion notes, among other things, that the magnitude and importance of the trust affords reason for relief.

That the equity court, to carry out testamentary intent, may name a trustee, is of recent authoritative decision. *Stevens* v. *Smith*, 134 Me., 175, 178, 183 A., 344.

Any person having an interest in the trust estate or the proceeds thereof, may move the appointment of a successor trustee. *Allen* v. *Baskerville*, 123 N. C., 126, 31 S. E., 383; *Haines* v. *Hall*, 209 Pa. St., 104, 58 A., 125; In re Brady's Estate, 110 N. Y. S., 755,

The court of appropriate competency first assuming jurisdiction to appoint a trustee is entitled to retain the same. *Herrick* v. *Low*, supra; *Speer* v. *Colbert*, 200 U. S., 130, 26 S. Ct., 201, 50 Law Ed., 403.

Concerning trustees, power may attain to higher dignity than detached naked precept. It may blend with the trust to which it attaches. *Sells* v. *Delgado*, 186 Mass., 25, 28, 70 N. E., 1036; *Elder* v. *Elder*, 50 Me., 535; *Mann* v. *Mann*, 122 Me., 468, 120 A., 541.

It is not, in the report of this case, for this court to send a mandate to the Superior Court that it must do this, or must not do that; the independence of that tribunal is, subject of course to appeal, secured.

This court gives judgment that the Superior Court may take cognizance of the plaintiffs' bill.

The court below will decide, not according to an unbounded discretion, but with respect to principles as fixed and certain as those

on which the courts of common law proceed. *Savings Institution* v. *Makin*, 23 Me., 360.

Conformably to stipulation, the cause is remitted.

Let there be mandate accordingly.