[No. 4381.]

## C. A. THOMPSON *v.* JOHN E. SPENCER.

GRANT OF PUEBLO LANDS.—If a town, as the successor in interest of a Mexican pueblo, owns the pueblo lands within its limits, and its board of trustees grants a block of said land to a petitioner for the same, and he then conveys the same by a quitclaim deed, and the board of trustees of the town afterwards make a conveyance to the grantor, the grantee acquires, by the quitclaim deed, the title to the premises as against a subsequent purchaser from the grantor. The deed of the board of trustees relates back to the date of the grant.

WHEN DEED TAKES EFFECT BY RELATION.—When the authorities of a town make a grant of a pueblo lot, and afterwards execute a deed, the deed takes effect by relation as of the date of the grant.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The town of Santa Barbara, as the successor of the pueblo of that name, owned the pueblo lands within its limits. On the 23d of February, 1867, P. C. Carillo petitioned the

board of trustees of the town for a grant of block forty-eight. On the 30th of March following, the board made the grant, and appraised the block at ten dollars. On the 23d of April following, Carillo sold a part of the block to S. S. Phillips for sixty-two dollars, and gave him a quitclaim deed. The defendant, by mesne conveyances, acquired the title of Phillips. The board of trustees executed a deed to Carillo in pursuance of the grant, on the 26th of April, 1867, three days after the sale to Phillips.

On the 5th day of January, 1874, Carillo made a second deed of the premises to E. Van Valkenberg, who conveyed to the plaintiff. The second deed of Carillo was for a consideration of two hundred and fifty dollars. This was an action of ejectment commenced February 26, 1874, to recover the land conveyed to Van Valkenberg. The court below rendered judgment for the defendant, and the plaintiff appealed.

*H. P. Irving and A. Packard,* for the Appellant, cited *San Francisco* v. *Lawton,* 18 Cal. 475, and *Jackson* v. *McCracken,* 14 Johnson, 103.

*Fawcet & O'Brien,* for the Respondent.

By the COURT:

The quitclaim deed of Carillo made to Phillips on the 23d day of April, passed to the grantee the title to the premises in controversy. These premises had been already granted to Carillo by the board of trustees, by order duly entered in their records on the 30th day of March. The deed subsequently (on the 26th of April) delivered to Carillo pursuant to the grant, took effect by relation as of March the 30th, and vested the estate in him as of that day. The subsequent deed of Carillo, under which the plaintiff claims, and which was delivered by Carillo on the 5th day of January, 1874, therefore, conveyed nothing.

Judgment affirmed.