HOHN v. BIDWELL et al.

It will be presumed on appeal that the court in arriving at its findings of fact resolved ·conflicting evidence in favor of the party prevailing.

The descent of real property is governed by the lex loci rei sitae.

Where the trial was had on the theory that a widow was an heir of her husband, the question whether she was such heir will not be considered on appeal.

Where the abstract failed to show when an action involving the title to land was commenced, appellant's claim that his title thereto was established by adverse possession under Code Civ. Proc. § 54, requiring a period of 10 years, cannot be sustained, for his period of possession could not be computed.

In an action to quiet title based on adverse possession, the record on appeal showed that a patent from the United States was issued August 5, 1898, that taxes were assessed on the land and paid for 10 successive years, the first payment being on May 30, 1899, for the taxes assessed for the year 1898, and the last payment on February 25, 1908, for the taxes of the year 1907. There was nothing in the record to show when the suit was instituted, except a statement in respondent's brief that the action was commenced in December, 1907. **Held,** in view of Code Civ. Proc. § 56, providing that title by adverse possession shall not be acquired "to land belonging to the United States," it is apparent from the record that plaintiff at the commencement of the suit had not held possession for 10 years, with payment of taxes, as required by Code Civ. Proc. § 54.

The courts will take judicial notice that on December 1st taxes for the current year have been assessed, levied, and extended against real estate subject to taxation.

A quitclaim deed of the heir of an entrant on government lands does not create an estoppel to claim under a patent subsequently issued.

Where the widow of an entrant on public lands gave a quitclaim deed of her interest to her stepson's wife, because of his representation that their right thereto was being contested, and the son, while the widow was living in a distant state and remaining in ignorance of her rights, discovered a will of the husband, had it probated, and, as executor, sold this land, for which a patent had been issued running to the heirs of his father, to his wife, having these various instruments recorded, and he and the wife later conveyed the property to a bona fide purchaser, the widow was not estopped by her deed from claiming her rights in the land.

The failure of the trial court in an action to quiet title to make findings of fact upon an issue of plaintiff's adverse possession

was harmless error, where that issue could not have been sustained, especially where the possession relied on was never brought to the notice of defendant.

(Opinion filed, March 29, 1911.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Suit to quiet title by Lona Mick Hohn against Mary J. Bidwell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*W. J. Hooper,* for appellant. *C. H. Dillon,* for respondents.

WHITING, J. This action was brought by the plaintiff, who claimed to be the owner of a certain quarter section of land situate in Davison county, S. D., and who sought to quiet title in and to said land as against the defendants herein. The defendant Mary J. Bidwell, by her separate answer, claimed to be the owner in fee simple of an undivided one-third of the said tract of land. Such defendant further claimed that the plaintiff had been in possession of said land, and that she was entitled to judgment for rentals as against such plaintiff. Defendant set forth the source of her title, and the plaintiff, replying to said answer, set forth facts and circumstances which plaintiff claimed destroyed defendant's alleged title to said land. The cause was tried before the trial court without a jury, and findings of fact and conclusions of law were made and entered in favor of the defendant Mary J. Bidwell and against the plaintiff. A decree entered thereon, decreeing the plaintiff together with the defendants Mary J. Bidwell and Georgia O. Bidwell to be tenants in common of the land in suit; decreeing that the defendant Mary J. Bidwell recover of and from the plaintiff her undivided one-third of said real estate, together with the possession thereof; and decreeing that said Mary J. Bidwell was the owner in fee simple of one-third of said real estate, and that the plaintiff had no interest or lien or estate in or to such defendant's share of said real estate. Such decree further provided that the defendant Mary J. Bidwell should recover of the plaintiff certain rentals, and that the plaintiff should recover for one-third value of certain improvements placed upon

said land and one-third of taxes paid thereon by plaintiff. Motion for new trial being denied, the plaintiff has appealed from such decree and order denying a new trial herein.

The findings of fact being in favor of the respondent, in support of such findings, it will be presumed that, whenever the evidence conflicted, the trial court construed the evidence in favor of respondent. There is very little dispute in relation to the material facts in this case, and the evidence is sufficient to sustain the finding of the following as the facts herein: One George S. Bidwell made timber culture entry under the federal statutes of the land in question, but, before final proof thereon, he died, leaving surviving him as his heirs the defendant Mary J. Bidwell, his widow, the defendant Frank A. Bidwell, an adult son by a former wife, and the defendant Georgia O. Bidwell, his minor daughter by his wife Mary J. Bidwell. The respondent afterwards moved to the state of California, where she has since at all times resided. In the year 1894, upon representation made to respondent by the defendant Frank A. Bidwell, to the effect that their rights to said land were being contested, and that she would be unable to hold the same, and at the request of said Frank A. Bidwell, respondent executed a release deed releasing and quitclaiming to one Lizzie D. Bidwell, wife of said Frank A. Bidwell, all the interest of respondent in and to the said premises. This deed was recorded in January, 1895, and purported upon its face to be given for the consideration of $75 paid. The said Frank A. Bidwell in the name of the heirs of George S. Bidwell made final proof under said timber culture entry, and patent was issued under date of August 5, 1898, running to the "heirs of George S. Bidwell." At one time prior to the issuance of such patent, the defendant Frank A. Bidwell had attempted to enter said land in his own name under the federal homestead laws, but had not succeeded in such effort. Shortly after the death of George S. Bidwell, probate proceedings were begun, and respondent was appointed administratrix. Several years thereafter, and without any knowledge thereof on the part of the respondent, a will of said George S. Bidwell was discovered by his said son. Such will was admitted to pro-

bate, and in the year 1898 said Frank A. Bidwell was appointed executor of said estate. Thereafter such proceedings were had in the probation of the estate of George S. Bidwell that the tract of land herein involved was returned to said court as belonging to the estate of said George S. Bidwell, and it·was represented to said court that the respondent and her codefendants were the heirs of said deceased, and that this respondent had conveyed her interest in said premises to Lizzie D. Bidwell. A partition of said premises was asked for in said probate court and such proceedings had that under and by virtue of a purported decree of said court the said premises for the purposes of partition were decreed to be sold; the said executor was directed to and did execute an executor's deed purporting to convey the said premises to the said Lizzie D. Bidwell as purchaser at such purported sale. The executor's deed and order confirming sale were placed of record in the office of the register of deeds of said Davison county. No notice whatsoever of the finding of said will, of the probate proceedings under said will, or of the patenting of said land was ever given to the respondent, she remaining in total ignorance of all such matters, and supposing that all interest of the heirs of George S. Bidwell in said lands had been lost through the contest entered against her husband's entry. The date of said purported executor's deed was September, 1898, and in the year 1900 the said Frank A. Bidwell and Lizzie D. Bidwell by good and sufficient warranty deed˙purported to convey said land to one William Markla, who, so far as the records show, was a purchaser for value in good faith and without notice of defects in title, except as they appeared from the records. In the year 1901 the said Markla, by good and sufficient warranty deed, purported to convey said land to the appellant herein, she being also a purchaser for valuable consideration, in good faith, and without any notice of defects in the title except as they appeared of record. The said Frank A. Bidwell made some improvements upon this land, and said Markla and appellant made improvements. Markla lived on the land while he owned it, and during the greater part of the time after her purchase the appellant re-

sided upon said premises. During all of the time after the patenting of said land, more or less of said lands were under cultivation and in the possession of Frank A. Bidwell and his wife and their grantees. Commencing with the tax for the year 1898, the taxes on said premises were paid each and every year until the commencement of this action by or on behalf of said Frank A. Bidwell and his wife and their grantees; the first payment of taxes being made on May 30, 1899, and the taxes for the year 1907, being paid on February 25, 1908. There is nothing in the abstract showing when this action was instituted, but the same was tried before the court on December 26, 1908. In the year 1906 respondent first learned that Frank A. Bidwell had taken out the letters testamentary on the estate of George S. Bidwell, and soon after October 10, 1907, she first learned of the purported sale of this land by Frank A. Bidwell and wife, of the purported conveyance of said land to Lizzie D. Bidwell by Frank A. Bidwell as executor, and of the purported conveyance of said land to William Markla and from William Markla to the appellant herein. The respondent never knew anything about the improvements made on said land and of the taxes that were paid thereon. In the year 1894 this land did not exceed some $500 in value, and at time this action was brought it was of the value of at least $5,000.

Appellant contends that the respondent was not an "heir" of George S. Bidwell, and therefore never took any estate or interest in and to the lands in question under the patent running to the "Heirs of George S. Bidwell." The appellant is clearly wrong in this contention. It is the settled law of this country that the law of the state where the land is situate determines who are the heirs of a deceased party, and, under the statutes of this state, the widow is one of the heirs of her deceased husband. See Wittenbrock v. Wheadon, 128 Cal. 150, 60 Pac. 664, 79 Am. St. Rep. 32. We would also note that this question does not seem to have been raised below, but the case seems to have been tried by both sides upon the theory that respondent was an "heir" of her deceased husband.

Appellant contends that she has acquired title under and by virtue of section 54 of the Revised Code of Civil Procedure of

this state, which. reads as follows: "Every person in the actual possession of lands or tenements, under claim and color of title, made in good faith, and who shall have continued for ten successive years in such possession, and shall also during said time have paid all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his paper title. All persons holding under such possession, by purchase, devise or descent, before said ten years shall have· expired, and who shall have continued such possession and payment of taxes as aforesaid so as to complete said term of ten years of such · possession and payment of taxes shall be entitled to the benefit of this section." Inasmuch as the abstract does not show when this action was commenced, it would be impossible for us to determine therefrom whether there had been sufficient period of possession or payment of taxes. In respondent's brief it is stated that this action was commenced in December, 1907, and, taking this as the true date, we find that the undisputed evidence shows that patent issued August 5, 1898, that taxes were first assessed for year 1898 and paid on May 30, 1899, and that the taxes for year 1907 were not paid until February 25, 1908. Section 56 of the Revised Code of Civil Procedure of this state specifically provides that section 54, supra, shall not extend "to lands belonging to the United States," so that under no circumstances, even conceding that the possession of Frank A. Bidwell and wife could be held to be adverse to respondent (which point we express no views upon), could the provisions of section 54, supra, run against respondent until August 5, 1898. Furthermore, this court will take judicial notice of the fact that the tax for the year 1907 had been duly assessed, levied, and extended against this land December 1, 1907, and remained unpaid when this action was commenced. So appellant's contention fails, owing to insufficient possession and failure to pay "all taxes legally assessed on such lands." 1 Cyc. 1113; Bennett v. Moore, 18 S. D. 109, 99 N. W. 855. There appears to be a conflict of authority as to whether statutes of this kind begin to run against entrymen upon public lands from the

date of patent or from the time entryman has done everything entitling him to patent (1 Cyc. 1111), but it becomes unnecessary for us to pass upon this point, as there is no evidence to show when final proof upon this timber culture entry was made.

Appellant contends that the quitclaim deed given by respondent to Lizzie D. Bidwell carried to the grantee therein any title afterwards acquired by respondent through the patent from the government. The deed in question reads that: "Mary J. Bidwell, devisee and widow of George S. Bidwell, do hereby sell, remise, release and quitclaim unto the party of the second part, her heirs and assigns forever, all her estate, right, title, interest, claim, property and demand of, in and to the following described real estate"—then describing land. Appellant concedes the general rule to be that under a quitclaim deed the rights of the grantor afterwards acquired from the government through patent do not inure to the benefit of the grantee in such deed, but claims there are exceptions to such rule, and that this case comes within such exceptions. When George S. Bidwell died, his heirs took his place and became entrymen under the timber culture laws the same as he was, and the effect of the quitclaim deed would be for all purposes the same as if it had been given by George S. Bidwell under the same conditions under which it was given by his widow. Would a patent granted to him have inured to his grantee in such a quitclaim deed? Appellant has cited the following cases in support of her contention: Ford v. Axelson, 74 Neb. 92, 103 N. W. 1039; Crane v. Salmon, 41 Cal. 63; Thompson v. Spencer, 50 Cal. 532; Stanway v. Rubio, 51 Cal, 46; Aspey v. Barry, 13 S. D. 220, 83 N. W. 91. An examination of these cases clearly shows that they are not authority in support of appellant's contention. It will be found in each case that one or both of two things existed: Either the deed given was more than a quitclaim deed and therefore sufficient in its terms to carry the after-acquired title, or the grantor in such deed was at the time of execution of deed the real owner of the premises, and that patent or other instrument received by such grantor subsequent to the date of his deed was the mere confirmation of the interest

actually held by the grantor when he executed his deed. The situation in the case at bar is entirely different. When respondent gave the quitclaim deed, she had no estate in said premises legal or equitable, merely a right, after fulfillment of the statutory requirements, to receive title to said land. She not only had no estate, but she gave such deed, understanding and believing that she never could or would receive a patent for said lands, and would never have any estate therein. In fact, her quitclaim deed, if of any effect whatsoever, was but a relinquishment of her rights under the entry, such as might authorize the government to have canceled the entry. Certainly a quitclaim deed executed under such circumstances cannot be held to convey an after-acquired estate.

Appellant contends that respondent is estopped through and on account of her laches, it being claimed that, by allowing the quitclaim deed, executor's deed and probate order to be placed of record, and allowing persons purchasing said premises in reliance upon such instruments to remain in undisputed possession of same for some seven or eight years and make improvements thereon during a time when the value of the premises was rapidly increasing in price, she is estopped from asserting her legal rights in and to said premises. Appellant evidently has overlooked the fact that, to create an estoppel, there should be either knowledge on the part of the party estopped, or else something which fairly puts such party upon inquiry to learn the true facts. When we consider that in this case the respondent had absolutely no knowledge of the probate proceedings, and that such proceedings were of no legal effect so far as said land was concerned, and, furthermore, that respondent knew nothing whatever of the patent issuing upon behalf of the heirs of George S. Bidwell, it will readily be seen that she not only had no notice of facts upon which to base an estoppel, nor was there anything that put her upon inquiry concerning these premises or the possession and title to the same. Appellant is hardly in a position to complain. She had constructive notice from the record of the defects in this title, and it also appears undisputed that an abstract of title showing these

defects was shown to her and the party who assisted her in closing the purchase of these premises. She saw fit to rely upon the statement of a third party to the effect that such title was good.

Appellant contends that, if there was no other error made by the trial court, there was reversible error, in that the court did not make findings upon the question of adverse possession under color of title; appellant claiming she was entitled to a finding thereon under the pleadings and had requested the same. Without discussing the question as to whether or not the finding asked for was proper under the evidence herein, it is sufficient for the purpose of this opinion to state that, under the undisputed evidence, no adverse possession held by appellant or her grantors was, as hereinbefore noted, of sufficient period to comply with the provisions of section 54 of the Revised Code of Civil Procedure above quoted; and, whatever adverse possession there was being unknown to the respondent, it was immaterial so far as the claim of laches was concerned. The failure to make the finding asked for would at best be error without prejudice.

The judgment of the trial court and order denying a new trial are affirmed.