FOSS, Respondent, v. FOSS, Appellant

(1 N. W.2d 588.)

(File No. 8455.   Opinion filed January 2, 1942.)

Rehearing Denied February 28, 1942.

Charles Lacey and John R. McDowell, both of Sioux Falls, for Appellant.

Hugh S. Gamble, of Sioux Falls, for Respondent.

SMITH, J.   Wilma Foss sought a divorce on the ground of extreme cruelty.   The defendant set up a cause for divorce grounded on extreme cruelty as a defense by way of recrimination.   At the trial, upon the settlement of the findings of the court, the defendant requested a finding that his acts of cruelty were provoked by plaintiff and a further finding that the plaintiff had been guilty of specific acts of extreme cruelty towards him.   The court refused these requests, and found that defendant was guilty of extreme cruelty toward plaintiff.   It also found that defendant's conduct was without provocation or cause on the part of plaintiff.   Predicated upon these and other findings, the court entered conclusions and judgment for plaintiff awarding her an absolute divorce and the care and custody of the five children of the parties. A motion for a new trial was thereafter made by defendant.   By proper assignments of error, the defendant challenges the sufficiency of the evidence to support the finding of extreme cruelty on the part of defendant, and the rulings rejecting his proposed findings.   Defendant also predicates error on the court's failure to find on the issue of recrimination.

A painstaking review of the record has convinced us that the findings and rulings of the court find ample support in the record, and that nothing will be gained by a statement of the sordid details of the evidence.   Suffice it to say that there is a sharp conflict in the evidence.   It is evident that the court believed the plaintiff and her witnesses, and disbelieved the defendant.   Judging the credibility of witnesses and the weight to be given to their testimony is the function of the trial court, and this court is only warranted in disturbing its findings when we are convinced that they are outweighed by a clear preponderance of the evi-

dence. Houck v. Hult et al., 63 S. D. 290, 258 N. W. 142. In our opinion, the evidence does not so preponderate against the findings of the circuit court.

■■■ That it is error, in a case tried to the court, for it to refuse to find on a material issue joined by the pleadings is well settled. Ellens et al. v. Lind et al., 65 S. D. 620, 277 N. W. 40. However, reversal for such an error will only follow if appellant was prejudiced thereby. If the evidence is insufficient to sustain a finding for appellant on the particular issue, a reviewing court is not warranted in reversing the judgment of the trial court. 5 C. J. S., Appeal and Error, § 1790, p. 1199. And see Hohn v. Bidwell et al., 27 S. D. 249, 130 N. W. 837. If defendant's testimony be accepted as true, it shows that whatever cause he may have had to seek a divorce has long been condoned, and that he has failed to evidence any conduct on the part of plaintiff which would support an inference of revocation of such condonation. The testimony of the defense charges plaintiff with nothing more during the years immediately preceding the institution of the action than an insistence that the parties attend dances against the defendant's will, occasional acts of indiscretion on the dance floor, and that she scratched his face without sufficient provocation on one occasion shortly before the commencement of this action. Such conduct, in our opinion, is not sufficient upon which to predicate an inference of revocation of condonation, nor to establish a new cause of divorce as a basis for the defense of recrimination. SDC 14.0717. Defendant's evidence as a whole, if believed by the court, tended to show no more than that plaintiff provoked some of defendant's acts of cruelty. We therefore conclude that the defendant was not prejudiced by the failure of the trial court to find on the issue of recrimination.

■■■ When the record is viewed from another aspect, it conclusively appears that to remand the cause to the trial court for a finding on the issue of recrimination would be of no avail. Except for the face scratching incident the asserted conduct upon which defendant founds his claim of re-

crimination is not independent of, or unrelated to, the conduct of defendant. It is the identical conduct by which defendant attempted to establish his claim that his acts of cruelty were provoked by the plaintiff. If plaintiff did so conduct herself, her conduct and that of defendant stood in relation as cause and effect, or action and reaction.. In passing on the issue of provocation the court determined that plaintiff was not guilty of such conduct. It did not find that plaintiff had so conducted herself but that defendant's cruelty was disproportionate to the acts of provocation. It found that defendant's acts were unprovoked and without cause. Thus it becomes manifest that the court having determined that the plaintiff was not guilty of these acts of provocation, it would be idle to ask it to again pass on the existence of the identical conduct under the issue of recrimination. Under the circumstances of this case the finding on the issue of provocation, in effect, forecloses the issue of recrimination.

The defendant moved to modify the judgment entered so as to award him the custody of the children. The court denied the motion, and its ruling is assigned as error.

█ Taking into consideration the expressed desire of the children who were interrogated at the trial, and the conduct and character of the respective parties as reflected in the record as a whole, we are unable to say that the best interests of the children will not be served by leaving them with their mother. It follows, therefore, that we are not justified in disturbing the order of the trial court. Weygand v. Weygand, 68 S. D. 1, 297 N. W. 689.

The judgment and orders of the trial court are affirmed.

All the Judges concur.